B. Nathaniel **RICHTER** and Elwood S. Levy, Appellants

v.

**UNITED STATES** of America.

No. 13563.

United States Court of Appeals Third Circuit.

Argued Oct. 2, 1961.

Decided Nov. 16, 1961.

---

of the settlement paid to it. Plaintiffs lost in the court below. 190 F.Supp. 159 (1960).

The facts are undisputed. The plaintiffs, as lawyers, secured on behalf of an employee of the Pennsylvania Railroad the sum of $16,800. The railroad, in satisfaction of a lien of the Railroad Retirement Board, paid the United States $2,210. This sum represented the amount of benefits previously paid by the United States to the employee as compensation for disability arising from the accident. The remainder of the settlement was paid to the appellants who, in accordance with a contingent fee arrangement, retained $4,639.41 and turned the remainder over to the injured employee. What the appellants now want from the United States is one-third of what was paid to the Government pursuant to the provisions of the Railroad Unemployment Insurance Act.

Marvin Garfinkel, Philadelphia, Pa. (Stephen B. Narin, Theodore R. Mann, Philadelphia, Pa., Narin, Garfinkel & Mann, Philadelphia, Pa., on the brief), for appellants.

Alan S. Rosenthal, Washington, D. C. (William H. Orrick, Jr., Asst. Atty. Gen., Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., Jerome I. Levinson, Attorneys, Department of Justice, Washington, D. C., Myles F. Gibbons, General Counsel, Railroad Retirement Board, Chicago, Ill., on the brief), for appellee.

Before GOODRICH, STALEY and SMITH, Circuit Judges.

GOODRICH, Circuit Judge.

The plaintiffs effected a settlement with a railroad in a Federal Employers' Liability Act case and paid part of the recovery to the United States under statutory provision. They now claim counsel fees against the Government on that part

The plaintiffs base their claim on the Tucker Act, 28 U.S.C. § 1346(a)(2). This gives a district court jurisdiction in claims against the United States founded upon an act of Congress or upon either express or implied contract with the United States.[1] The argument for the appellants suggests that the district judge denied them relief on the basis that there was no implied contract with the United States within the meaning of the Tucker Act. They now say that this is not the theory of their case at all. In their words, "they depend upon the 'founded upon an Act of Congress' provision of the Tucker Act jurisdictional declarations."

The relevant portion of the Railroad Unemployment Insurance Act provides that the Board is entitled to reimbursement from any damages paid to an employee through suit on or settlement of any liability.[2]

1. The wording of the subsection is as follows:

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

2. Railroad Unemployment Insurance Act, § 12(*o*), 45 U.S.C.A. § 362 (*o*):

"Benefits payable to an employee with respect to days of sickness shall be pay-

The act itself makes no provision for counsel fees for those who effect the recovery for the injured workman. Nor does the act make any statement against counsel fees. The section referred to obviously is to protect the interest of the United States.[3] The plaintiffs say, however, that, even though the act does not provide for an attorney's fee, they should be allowed to recover one either under Pennsylvania law or general federal equity principles. The theory is that the attorney who, by efforts, created the fund should be entitled to reimbursement from the Government on the principle of preventing unjust enrichment. Restatement, Restitution §§ 1, 105(2).

The minute this argument is made, however, it puts the claim outside the Tucker Act altogether. The claim is then based not upon a statute of the United States, but rather on general equitable principles. There is no basis in the Tucker Act at all for the assertion of these. In spite of the multitude of citations with which we have been deluged, the point seems to us perfectly clear.

Then it is suggested that, even though the act does not expressly provide for attorneys' fees in this case, the appellant should be entitled to a fee. The employee, it is said, is the only one who can retain an attorney to benefit both himself and the Board. Therefore, since the employee did so and did benefit both the Board and himself through the lawyer's efforts, the lawyer by proper implication from the act should be paid.

We find no basis for taking any such liberty with the statute. What we are in effect asked to do is to write in a provision which is not there. We think we are no more entitled to redraft the Railroad Unemployment Insurance Act than we are to tinker with a provision in the Internal Revenue Code. Cf. Evans v. Dudley, 3d Cir., 295 F.2d 713. There is nothing in the legislative history to which we are cited that says anything for or against attorneys' fees in this situation. Congress when it desires to make provision for attorneys' fees knows perfectly well how to do so, as it has in the Federal Employees' Compensation Act[4] and an abundance of other situations.[5]

able regardless of the liability of any person to pay damages for such infirmity. The Board shall be entitled to reimbursement from any sum or damages paid or payable to such employee or other person through suit, compromise, settlement, judgment, or otherwise on account of any liability (other than a liability under a health, sickness, accident, or similar insurance policy) based upon such infirmity, to the extent that it will have paid or will pay benefits for days of sickness resulting from such infirmity. Upon notice to the person against whom such right or claim exists or is asserted, the Board shall have a lien upon such right or claim, any judgment obtained thereunder, and any sum or damages paid under such right or claim, to the extent of the amount to which the Board is entitled by way of reimbursement."

3. The extent of this interest is shown in figures cited to us by government counsel. The Government states that the Board, by virtue of § 12(o), has been able to recover almost ten per cent of the sickness and maternity benefits paid out under the Railroad Unemployment Insurance Act. At the end of the fiscal year 1958–59, the

cumulative benefits disbursed by the Board totalled $500,000,000, while the total § 12(o) reimbursement was $39,-294,000.

4. 5 U.S.C.A. § 777 provides that, if a compensable injury creates a legal liability in some person other than the United States and a beneficiary entitled to compensation under the act recovers damages therefor from that other person, the beneficiary "shall, *after deducting the costs of suit and a reasonable attorney's fee*", refund the amount of compensation received or to be received from the United States. (Emphasis added.)

5. For example, Congress has made specific provision for the recovery of attorneys' fees in various types of private actions which might be said to be affected with a public interest. See 15 U.S.C.A. § 15 (suits by persons injured by violations of the antitrust laws); 15 U.S.C.A. § 77www (suits against persons filing false and misleading statements under the Trust Indenture Act); 49 U.S.C.A. § 16(2) (proceedings to enforce orders of the Interstate Commerce Commission).

It has not done so here and we do not think it a proper subject for court action.

The judgment of the district court will be affirmed.