**UNITED STATES of America,**
**Plaintiff,**

v.

**Andrew GERA, Defendant.**

**Civ. A. No. 67–1403.**

United States District Court
W. D. Pennsylvania.

Feb. 2, 1968.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for the Government.

Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for defendant.

OPINION

DUMBAULD, District Judge.

Defendant Andrew Gera was driver of an automobile which on December 15, 1963, hit a pole and a passenger, his brother, Corporal Joseph Gera, a Marine, sustained injuries. Hospital care

amounting to $2,087.65 was furnished by the Government. Apparently no action has been brought against defendant by his brother. On November 29, 1967, the United States brought this suit under the Medical Care Recovery Act of September 25, 1962, 76 St. 593, 42 U.S.C. § 2651.

The statute provides that "In any case in which the United States is authorized or required by law to furnish hospital * * * care * * * to a person who is injured * * * *under circumstances creating a tort liability upon some third person* * * * the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished *and* shall, as to this right, be subrogated to any right or claim that the injured * * * person * * * has against said third person to the extent of the reasonable value of the care and treatment so furnished." [Italics supplied]

 The phrase about tort liability of course means *allegedly* creating tort liability, and is a condition upon the Government's right to reimbursement. It does not require that such liability shall first have been established by litigation. Otherwise Section 2651(b) regarding enforcement procedure would be useless. The time when the tort liability is allegedly created is of course the date of the collision or other event from which such liability allegedly flows.

We conclude therefore that the condition is met in the case at bar and that the Government on December 15, 1963, acquired a right to reimbursement which it could enforce under Section 2651(b) after the lapse of six months by bringing suit.

Defendant contends that the Government's rights are purely derivative and arise by subrogation. We are not impressed by this argument.

 The italicized word "and" in the above quotation from the statute must be given its full effect. It plainly means "furthermore" rather than "that is to say".[1] The language preceding "and" gives the Government a separate and independent statutorily created right. The language following "and" merely precludes double recovery by providing that, with respect to that portion of the damages which the injured party might otherwise recover which comprises or duplicates that which the statute authorizes the Government to collect, the Government shall succeed to the rights of the injured party and shall be the beneficiary of such recovery to the exclusion of the injured party.

Hence the Government is not limited to placing itself derivatively in the shoes of the injured party (which in the case at bar would be empty shoes) but may bring its independent action, to enforce its own statutory right.[2]

Is this right now barred by any statute of limitations?

Defendant urges that the action is barred by the Pennsylvania two-year statute of limitations for personal injury cases, the Act of June 24, 1895, P.L. 236, 12 P.S. § 34, which provides: "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards."

This statute might apply if the Government were limited to its subrogation claims and were not here enforcing its independent statutory right.

1. In Bertera's Hopewell Foodland, Inc. v. Masters, 428 Pa. 20, 37, 236 A.2d 197 (1967), Mr. Justice Musmanno states that "and" sometimes means "or". In the case at bar the familiar conjunction plainly bears its natural meaning.

2. After argument had been heard in the case at bar and after preparation of the instant opinion had been completed, a colleague called to our attention the fact that the correctness of the above conclusion, based upon our analysis of the wording of the statute, has now been confirmed and established by the decision of the Court of Appeals for the Third Circuit, dated January 16, 1968, United States v. Merrigan, 389 F.2d 21.

Plaintiff urges that the suit is timely under the Act of July 18, 1966, 80 St. 304, 28 U.S.C. § 2415(b), which provides a three year bar for every action for money damages brought by the United States "which is founded upon a tort." [3]

However, the instant action is really not "founded upon a tort". It is founded upon a statute. The right of the Government is created by the Act of 1962. Circumstances imposing tort liability upon a third party are simply a condition imposed by the terms of the statute which must be fulfilled in order for the statutorily created right to become effectual and operative.

■ Section 2415(b) therefore is inapplicable. Likewise Section 2418(a) would not apply, as the statutory right is not one "founded upon any contract express or implied in law or fact".

Nevertheless, though the terms of the Act of 1966 do not apply, there emanates from the Act a penumbra of policy indicating that the intention of Congress was to eliminate the monarchical maxim *nullum tempus occurrit regi* in dealing with this type of claim.

We are dealing with a domain where "the policy of the law is so dominated by the sweep of federal statutes" that legal relations which they affect must be deemed to be governed by federally formulated rules of judge-made law, sometimes described as a species of "federal common law", to be "fashioned" by the courts from appropriate available materials. Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 176, 63 S.Ct. 172, 87 L.Ed. 165 (1942); D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 468–472, 62 S.Ct. 676, 86 L.Ed. 956 (1942); Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 457, 77 S.Ct. 912, 1 L.Ed. 2d 972 (1957). The federal rule may be obtained by "borrowing" a State statute in an appropriate case. The Tungus v. Skovgaard, 358 U.S. 588, 590–594, 79 S.Ct. 503, 3 L.Ed.2d 524 (1959).

■ The most closely analogous provision which we have found is the Pennsylvania statute of limitations applicable to actions to recover fees of public officers. The payments due to the Government for hospital services may aptly be likened to fees charged by public officers for appropriate services performed in the line of duty.

The statute on this subject, the Act of February 22, 1821, P.L. 50, 65 P.S. § 135, prescribes a period of "six months after the cause of action shall have accrued."

We therefore conclude that the instant action is barred and that the motion to dismiss should be granted.

---

3. Section 2415(g) provides that "Any right of action subject to the provisions of this section which accrued prior to the date of enactment of this Act shall, for purposes of this section, be deemed to have accrued on the date of enactment of this Act." Plaintiff contends that under this provision the suit is timely as having been filed within three years after July 18, 1966.