**UNITED STATES of America,**
**Appellant,**

v.

**Andrew GERA.**

**No. 17274.**

United States Court of Appeals Third Circuit.

Argued Dec. 5, 1968.

Decided April 9, 1969.

Morton Hollander, Dept. of Justice, Washington, D. C., for appellant (Edwin L. Weisl, Jr., Asst. Atty. Gen., Gustave Diamond, U. S. Atty., on the brief).

William A. Weiler, Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for appellee.

Before HASTIE, Chief Judge and KALODNER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

The Medical Care Recovery Act[1] confers upon the United States the right to recover from a tortfeasor the reasonable value of required hospital, medical and surgical care which it furnishes to a person injured as a result of the tortfeasor's negligence.

In the instant case, the Government, asserting the right conferred upon it by the Act, filed a Complaint on November 29, 1967 alleging that the defendant Andrew Gera's negligent operation, in Pennsylvania, on December 15, 1963, of an automobile in which his brother, Corporal Joseph Gera, United States Marine Corps, was a passenger, resulted in the latter's injuries and that they required his hospital and medical care by the United States in the value of $2,087.-65.

The District Court dismissed the Government's action on the ground that it was barred by the Pennsylvania Act of February 22, 1821,[2] which provides that suits brought by Pennsylvania public officers to collect fees for their services as established by the Commonwealth's "Fee Bill" Act of March 28, 1814, "shall be brought within six months after the cause of action shall have accrued." The District Court analogized that "The payments due to the Government for hospital services may aptly be likened to fees charged by public officers for appropriate services performed in the line of duty", and accordingly, the limitation period fixed by the Pennsylvania Act of 1821 was applicable to the Government's action. 279 F.Supp. 731, 733 (W.D.Pa. 1968).

In applying the stated Pennsylvania statute, the District Court rejected the Government's contention that its action was timely brought within the three-year period fixed by federal statute for actions by the United States founded on tort—28 U.S.C.A. § 2415(b) and (g), since, in its view, the instant action " * * * is founded upon a statute [The Medical Care Recovery Act]", and not upon a tort. 279 F.Supp. 733.

It may be noted parenthetically that the defendant had premised his motion to dismiss the Government's action on the ground that it was barred by the Pennsylvania Act of June 24, 1895,[3] which provides that suits to recover damages for personal injuries, not resulting in death, must be brought within two years, and that the District Court had refused to apply the Act of 1895 on its view that it was inapplicable because the Government was "here enforcing its independent statutory right." The bar of

---

1. 42 U.S.C.A. §§ 2651–2653, 76 Stat. 593.

2. P.L. 50, 65 P.S. § 135.

3. P.L. 236, 12 P.S. § 34.

the 1821 Pennsylvania statute was invoked by the District Court sua sponte.

On this appeal the Government urges that the Medical Care Recovery Act gives it an independent right to recover medical expenses and that the federally-created right is not subject to any state statute of limitations. It further contends that the 1966 federal limitations statute is applicable and that its requirements were met in the instant case since, while it provides in Section 2415(b) that actions for money damages brought by the United States founded upon a tort shall be brought "within three years after the right of action first accrues: * * *," [4] Section 2415(g) further provides that "any right of action subject to the provisions of this section which accrued prior to the date of enactment of this Act shall, for purposes of this section, be deemed to have accrued on the date of enactment of this Act." Since the "date of enactment" was July 18, 1966, says the Government, the filing of the instant action on November 29, 1967 was "timely."

The sum of the defendant's contentions is that "basically the Government's claim is a subrogated claim" and as such is subject to the limitations of the 1895 Pennsylvania two-year statute of limitations; further, that "the Medical Care Recovery Act itself contains no Statute of Limitations", and accordingly Pennsylvania's limitations acts, including the 1821 Act, are applicable.

We are of the opinion that the District Court erred in dismissing the Government's instant action on the ground that by analogy, it was barred by the 1821 Pennsylvania statute of limitations [5] for these reasons:

The Medical Care Recovery Act confers an independent right of recovery [6] on the United States from a tortfeasor of the reasonable care and treatment it furnishes to an injured person,[7] and the exercise of that right is not subject to any state statute of limitations under the

---

4. Section 2415(b) provides in relevant part:
   "Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues: * * *."

5. The Pennsylvania Fee Bill Act of 1814, as amended in 1821, is singularly inapposite. It relates to actions brought by Pennsylvania public officers to enforce a legislatively conferred *private* right of recovery for services rendered to members of the public. It cannot reasonably be construed as analogous to the exercise of an independent *sovereign* right.

6. United States v. Merrigan, 389 F.2d 21, 23 (3 Cir. 1968).

7. The Medical Care Recovery Act provides: 42 U.S.C. § 2651(a):
   In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment * * * to a person who is injured or suffers a disease * * * under circumstances creating a tort liability upon some third person (other than or in addition to the United States * * *) to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person * * * has against such third person to the extent of the reasonable value of the care and treatment· so furnished or to be furnished. * * *
   42 U.S.C. § 2651(b):
   The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured or diseased person * * * against the third person who is liable for the injury or disease; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury or disease involved, institute and prosecute legal proceedings against the third person who is liable for the injury or disease, in a State ·or Federal court, either alone (in its own name or in the name of the injured person * * *) or in conjunction with the injured or diseased person * * *.

historic doctrine of the immunity of the sovereign.

■ The Government's right to reimbursement under the Medical Care Recovery Act is subject only to the time limitations established by Section 2415 (b) and (g), and the instant action was instituted well within the three-year period prescribed by that statute.

Our conclusion that the Government's exercise of its independent right under the Medical Care Recovery Act is free of the restraints imposed by a state statute of limitations is in accord with United States v. Fort Benning Rifle and Pistol Club, 387 F.2d 884 (5 Cir. 1967). There, in reversing the District Court's dismissal of the Government's action under the Medical Care Recovery Act on the ground that it was barred by Georgia's statute of limitations, the Court of Appeals said (p. 887):

> "We * * * hold that the right of the United States to recover the reasonable value of medical care given to an injured person as the result of the negligence of a third person is not subject to the state statutes of limitation applicable to local personal injury actions. Limitations has nothing to do with whether the circumstances surrounding the injury create a tort liability in that third person." [8]

■ It has long been settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights. United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194 (1879).

The rationale of the stated doctrine was spelled out as follows in United States v. Nashville, Chattanooga and St. Louis Railway Company, (1886), 118 U.S. 120 at page 125, 6 S.Ct. 1006, at page 1008, 30 L.Ed. 81:

> "It is settled beyond doubt or controversy—upon the foundation of the great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided—that the United States, asserting rights vested in [it] as a sovereign government, [is] not bound by any statute of limitations, unless Congress has clearly manifested its intention that [it] should be so bound."

In Board of County Commissioners v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939), the late Mr. Justice Frankfurter, speaking for the Court, said (p. 351, p. 288 of 60 S.Ct.):

> " * * * state notions of laches and state statutes of limitations have no applicability to suits by the Government * * *. This is so because the immunity of the sovereign from these defenses is historic. Unless expressly waived, it is implied in all federal enactments."

In United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) where the foregoing cases were cited, it was said (p. 417, p. 1020 of 60 S.Ct.):

> "When the United States becomes entitled to a claim, acting in its governmental capacity, and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." [9]

This Court in United States v. Rose, 3 Cir., 346 F.2d 985 (1965), cert. den. 382 U.S. 979, 86 S.Ct. 551, 15 L.Ed.2d

---

8. In United States v. York, 398 F.2d 582, 584 (6 Cir. 1968), the Court cited *Fort Benning* in support of its statement that: " * * * the United States' right to recover for medical expenses is not barred by a state statute of limitations that would bar an action by the injured person."

9. *Summerlin* was cited and applied in Nabors v. National Labor Relations Board, 323 F.2d 686, 688 (5 Cir. 1963), cert. den. 376 U.S. 911, 84 S.Ct. 666, 11 L.Ed.2d 609 (1964).

469 (1966), citing *Summerlin*, held (p. 990):

" * * * neither the [state] statute of limitations nor laches will run against the United States unless a Federal statute particularly permits such."

It is clear that the Medical Care Recovery Act does not expressly waive the historic immunity of the United States from the defense of state statutes of limitations, and that circumstance renders the Government immune from the operation of any Pennsylvania statute of limitations.

In accordance with what has been said, the Order of the District Court dismissing the instant action will be reversed and the cause remanded with directions to proceed in accordance with this opinion.