UNITED STATES of America,
Plaintiff,

v.

William B. NATION and Fell & Wolfe
Oil Company, a Partnership between
Morris B. Fell and Jack B. Wolfe, De-
fendants and Third-Party Plaintiffs,

v.

Floyd L. WALKER, Patricia Ann Slifer,
and Stanley L. Slifer, Third-Party
Defendants.

Civ. No. 68–C–55.

United States District Court
N. D. Oklahoma.

April 21, 1969.

Hubert H. Bryant, Asst. U. S. Atty.,
Tulsa, Okl., for plaintiff.

Rucker & Tabor and Paul McBride,
Tulsa, Okl., for defendants.

Floyd L. Walker, Tulsa, Okl., for third-
party defendants.

MEMORANDUM OPINION

DAUGHERTY, District Judge.

The Plaintiff sues the Defendants
under the Medical Care Recovery Act, 42

United States Code 2651–2653 (Act), for $662.55 representing the amount of expense disbursed by the Plaintiff on behalf of Patricia Ann Slifer, the wife of a serviceman.

Mrs. Slifer was injured in a motor vehicle accident in which the Defendants were involved. Mrs. Slifer and her husband engaged the Third Party Defendant, Floyd L. Walker, to represent them against the Defendants to recover damages as a result of the accident. Suit was brought in state court within six months following the accident by the Slifers against the Defendants named herein. The Plaintiff did not intervene in said case. The Slifers' suit was settled for $8,000.00. This included the Plaintiff's medical claim per understanding between the Slifers, Walker and the Defendants. The Defendants herein have brought in the Slifers and Walker as Third Party Defendants to avoid paying the $662.55 medical item twice. By agreement of all parties, the amount of $662.55 has been paid into the registry of the Court, the case has been dismissed as to the original Defendants and the Plaintiff and Walker request the Court to settle the only remaining dispute in this case which has to do with the claim of Walker to 35% of the $662.55 figure which was his contingency fee percentage arrangement with the Slifers. The Plaintiff resists this claim of Walker and asserts that it is entitled to the entire sum.

■ Walker claims he created the $8,000.00 fund which included the $662.-55 medical item and that since the Plaintiff is subrogated to the rights of his clients, the Slifers, to the extent of the $662.55 item, he is entitled to have 35% of the same as an attorney's fee as against the right asserted herein by the Plaintiff.[1] The Plaintiff opposes the claim of Walker on the basis that the

Act created a separate and independent right in the Plaintiff to the medical expense which right is not founded in subrogation and that since the Plaintiff had no fee arrangement with Walker, either express or implied, he is entitled to no part of the money in the registry of the Court. The parties remaining in the case have submitted the same to the Court on a Stipulation of Facts filed in the case which supports the above recitation of facts and issues now remaining in the case.

■ The right of the Plaintiff to recover herein has not been lost by its failure to intervene in the Slifer case against the Defendants. United States v. York et al., 398 F.2d 582 (Sixth Cir. 1968); United States v. Merrigan, 389 F.2d 21 (Third Cir. 1968); United States v. Wittrock, 268 F.Supp. 325 (E.D.Pa. 1967).

■ The Court finds that the Plaintiff and Walker had no fee agreement. The Act makes no provision for legal fees payable by the Government. Walker's claim cannot be based upon the Tucker Act, 28 U.S.C. § 1346(a) (2). Richter v. United States, 296 F.2d 509 (Third Cir. 1961). The Court further finds and concludes that the right of the Plaintiff to its medical outlay, as created by the Act, is a separate and independent statutorily created right and does not rest on subrogation. United States v. York, supra; United States v. Merrigan, supra; United States v. Gera, 279 F. Supp. 731 (D.C.Pa.1968); United States v. Jones, supra; United States v. Wittrock, supra; Government Employees Ins. Co. v. United States, 376 F.2d 836 (Fourth Cir. 1967); United States v. Winter, 275 F.Supp. 895 (D.C.Pa.1967); United States v. Greene, 266 F.Supp. 976 (D.C.Ill.1967).

The "created fund" contention of Mr. Walker, under these circumstances, does

---

[1]. Walker also cites the Oklahoma rule against splitting a cause of action in a tort case as announced in Lowder v. Oklahoma Farm Bureau Mutual Insurance Company, 436 P.2d 654 (Okl.1968). But an independent right of the Federal

Government created by Federal law is paramount under the supremacy clause of the United States Constitution to any contrary state law or rule. United States v. Jones, 264 F.Supp. 11 (E.D.Va.1967).

not apply. The Plaintiff did not give its assent to the creation of the fund nor did it participate therein. Rather, the Plaintiff has always stood on its statutorily created separate and independent right to recover its medical expense from the responsible tort feasors.

■ Therefore, the Plaintiff is entitled to receive the entire sum of $662.-55 deposited in the registry of the Court, as aforesaid, and the Clerk should be ordered to disburse the said sum to the Plaintiff. The claim or cause of action of the Third Party Defendant Floyd L. Walker to said sum should be dismissed. Counsel for the Plaintiff will prepare an appropriate judgment to this effect and present the same to the Court.