Stanley W. FORRESTER and Maureen S. Forrester, his wife, Plaintiffs,

v.

UNITED STATES of America, Plaintiff-Intervenor,

v.

George H. LAMARCHE, Defendant.

Civ. A. No. 67–1468.

United States District Court, W. D. Pennsylvania.

Feb. 6, 1970.

Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for plaintiffs.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for the United States.

John H. Bingler, Jr., Asst. U. S. Atty., Pittsburgh, Pa., Weis & Weis, Pittsburg, Pa., for defendant.

GOURLEY, Senior District Judge.

## OPINION

In this diversity action founded upon the alleged negligence of defendant in driving a motor vehicle, the United States seeks to intervene as a party-plaintiff for the purpose of recovering the cost of medical treatment afforded to wife-plaintiff during a period of time which, for purposes of this Motion, will be assumed to be several months subsequent to the date of plaintiffs' accident on December 16, 1965. The Government asserts its right of recovery under the Medical Care Recovery Act, 42 U.S.C.A. §§ 2651–2653. In opposition to the Government's Motion, defendant asserts that the Government is barred from intervention by virtue of its intervention more than three years after its cause of action has accrued. The Governments' Motion shall be granted.

■ Prior to the enactment of the Act of July 18, 1966, Pub.L. 89–505, § 1, 80 Stat. 304, 28 U.S.C. § 2415, which is a general federal statute of limitations applying to civil actions instituted by the federal sovereign, the Government was subject to no limitation of time within which it was required to assert a cause of action under the Medical Care Recovery Act. However, there is no question that the Government's present attempt to assert its medical care recovery by intervention herein is subject to the provisions of the relatively new federal statute of limitations, and, particularly, to subsections (b) and (g) of 28 U.S.C. § 2415. United States v. Gera, 409 F.2d 117 (3d Cir. 1969)

■ Subsection (b) provides that in actions founded upon tort, the Government shall be barred from recovery unless complaint is filed within three years after the right of action accrues. Subsection (g) provides that any right of action accruing to the Government prior to the date of enactment of the Act of July 18, 1966 shall be deemed to have accrued on the date of enactment of the Act. The effect of the aforesaid subsections was to require the Government to assert its cause of action for medical care rendered prior to July 18, 1966 within three years of that date. The Government filed and served its Motion to Intervene and proposed Complaint in Intervention on July 15, and 17, 1969, respectively, thus barely avoiding the bar of the federal statute of limitation upon its claim.

There is no question that subsections (b) and (g) of 28 U.S.C. § 2415 are to be applied to achieve this result. In United States v. Gera, *supra*, medical care was rendered by the Government on December 15, 1963, and it brought suit for recovery on November 29, 1967. See United States v. Gera, 279 F.Supp. 731, 732 (W.D.Pa.1968), rev'd 409 F.2d 117 (3d Cir. 1969). Only the application of subsection (g) to the Government's claim therein prevented the bar of the claim which would have resulted from an unqualified application of subsection (b).

Subsection (g) of 28 U.S.C. § 2415, in permitting the Government three years from July 18, 1966 to assert the instant claim for medical services rendered at some time prior to that date, limited rather than expanded the Government's right of civil recovery, since the Government was constrained by no time limitation prior to the enactment of the Act.

## ORDER

Now, this 6th day of February, 1970, it is hereby ordered that the United States Government's Motion to Intervene be and the same is hereby granted and it is further ordered that said party's Complaint In Intervention shall be deemed properly filed as of July 15, 1969.