**Galfand v. Equitable Life Assurance Society of the United States**

*Joseph Lurie,* for plaintiffs.

*Walter R. Milbourne,* for defendant.

FORER, J., January 23, 1973.—There is no dispute as to the facts in this case. Plaintiffs, a law partnership, represented John V. Bartolone in a Workmen's Compensation claim against United States Steel Corporation which resulted in a decision in favor of plaintiff's client.

During the period covered by the Workmen's Compensation claim, Bartolone had received accident and sickness benefits from defendant in the amount of $1,404.64. Such payments were due only if the injuries proved to be noncompensable under workmen's compensation. United States Steel reimbursed defendant, Equitable Life Assurance Society of the United States, for the $1,404.64 which it had paid Bartolone.

Plaintiffs also represented Leonard G. Fordham in a similar successful claim, in the amount of $1,237.50. This sum was also reimbursed by United States Steel to defendant. In 1970, plaintiffs entered into a stipulation with United States Steel and Fordham in which it was acknowledged that defendant had a lien in the amount of $1,237.50 for payments under the group sickness and accident plan to Fordham.

Plaintiffs now seek compensation for legal services from defendant, since their efforts resulted in defendant's recovering a total of $2,642.14. It is agreed that

a fee of one-third of the amount of the reimbursement is the fair value of the services rendered.

Defendant claims that no such fee is legally payable for the following reasons:

1. The act does not authorize payment of counsel fees by the subrogated employer or insurer.

2. Plaintiff never made a request to the Workmen's Compensation Board for a claim for legal services rendered to defendant.

3. Defendant never requested plaintiff to perform services on its behalf.

The Workmen's Compensation Act by its terms neither prohibits nor specifically requires payment of counsel fees by the subrogee. At the outset, it should be noted that subrogation is an equitable doctrine: Meehan v. Philadelphia, 184 Pa. Superior Ct. 659 (1957).

Restatement, Restitution (1937), section 105(2), states:

"A person who through legal proceedings procures . . . property in which he and another have an interest may be entitled to reasonable compensation for his services and restitution of his expenses in obtaining or preserving the property."

The Pennsylvania Superior Court held that when a person sues to enforce a claim from which another (the subrogee) is benefited, the one benefited must contribute proportionally toward the expense. In the cited case an injured policeman sued a negligent third party. The City of Philadelphia which had paid the policeman's wages during the period of his incapacity had a subrogation claim but resisted paying a proportionate share of the counsel fee. The court declared, citing Harris's Appeal, 323 Pa. 124 (1936), " 'If a prin-

ciple in law or equity can be found to sustain an award of reasonable counsel fee and costs to the owner's attorney, who litigated the compensation dispute and whose services helped produce the fund, it ought to be applied' ": Furia v. Philadelphia, 180 Pa. Superior Ct. 50 (1955).

Prior to the 1959 amendment, counsel fees were chargeable to the subrogee under general principles of law.

The Pennsylvania Workmen's Compensation Act was adopted in 1915. It has been amended many times. The section on subrogation, Act of February 28, 1956, P. L. (1955) 1120, as amended, 77 PS §671, now reads as follows:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party,. the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future installments of compensation.

"Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board."

The amendment of May 29, 1951, P. L. 507, sec. 319, added the second paragraph. The amendment of 1951 reads exactly like the present law, Amendment September 30, 1961, P. L. 1762, sec. 2. In 1959, the Act of December 28, 1959, P. L. 2034, was amended to include the following:

"Where an employe has received payments for the disability or medical expense resulting from an injury by accident in the course of his employment, paid by the employer, [or] an insurance company, hospital, medical, osteopathic or dental service corporation, employe or fraternal, welfare or benefit association, on the basis that the injury and disability were not compensable under this act, in the event of an agreement or award for that injury, the employer, [or] insurance company, [who] hospital, medical, osteopathic or dental service corporation, employe or fraternal, welfare or benefit association, which made [the] any payments, shall be subrogated out of the agreement or award to the amount so paid *without deduction for attorney's fees or otherwise,* if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board." (Italics supplied.)

The amendment of 1961 deleted, inter alia, that portion prohibiting the deduction of attorney's fees from the amount paid to the subrogee.

Defendant argues that since the amendment of 1961 does not specifically authorize deduction of counsel fees, such payment is prohibited.

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551, provides that in ascertaining the intent of the legislature, the "former law" may be considered. A change of language in a statute is indicative of a change of legislative intent: Panik v. Didra, 370 Pa. 488 (1952); Vince v. Allegheny Pittsburgh Coal Co., 153 Pa. Superior Ct. 333 (1943). Clearly the deletion of the prohibition against counsel fees is indicative of an intent to permit such fees.

The case of Richter v. United States, 296 F.2d 509 (C.A. 3, 1961), cited by defendant is inapplicable because plaintiff attorney there sought to recover fees from the Federal government. The law is clear that a sovereign may not be sued without its consent. No such bar exists with respect to a suit against this defendant.

It is admitted that plaintiffs never requested or received approval from the board for the fee now sought to be recovered. Section 1021 of the act provides:

"No claim . . . for legal services . . . in support of any claim for compensation . . . under article three of this act, shall be an enforceable lien against the amount to be paid as compensation, or be valid or binding in any other respect, unless the same be approved by the board."

The entire act is a remedial one designed to protect the injured workman who is in an unequal bargaining position vis-a-vis the employer. Cf. Minimum Wage

Act of 1967, January 17, 1968, P. L. 11, no. 5, sec. 1, 43 PS §333.101.

The purpose of this section is further to protect the employe from the imposition of unreasonable counsel fees. It would be a strained construction to require approval of the board of an admittedly fair and reasonable counsel fee charged the employer on his insured.

The claim that plaintiffs may not recover reasonable counsel fees because defendant did not request their services is governed by the decision of the Court of Common Pleas of Lehigh County in Fuoti v. State Farm Mutual Automobile Insurance Co., 45 D. & C. 2d 77 (1968). The court there held counsel was entitled to recover counsel fees from subrogee insurance company even though the company informed counsel that it wished to proceed with its own action, stating:

" [T]he decisions have uniformly permitted recovery of a proportionate part of counsel fees from the subrogated insurer.

"Both justice and equity require that defendant pay its proportionate part of the expenses, including attorney's fees, incurred by plaintiff in establishing the fund from which defendant now seeks to benefit."

In the case at bar, defendant remained silent. It did not request plaintiff's services nor did it refuse them. It has reaped the benefits of their labors. A fortiori, it is obligated to pay reasonable counsel fees for the funds so recovered.

The court finds the following facts:

1. Plaintiffs, attorneys for Bartolone, recovered the sum of $1,404.64, which was paid to defendant subrogee.

2. Plaintiffs, attorneys for Fordham, recovered the sum of $1,237.50, which was paid to defendant subrogee.

3. The fair and reasonable value of the services rendered by plaintiffs which benefited defendant is $907.38.

The court makes the following conclusion of law:

Plaintiffs are entitled to recover the sum of $907.38 from defendant for services rendered.