UNITED STATES of America

v.

C. W. ANGEL and Doug Crumpton.

Civ. No. 3–78–386.

United States District Court,
E. D. Tennessee, N. D.

Feb. 8, 1979.

Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Ronald C. Koksal, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

■ Defendants move the Court pursuant to Rule 56(b), Fed.R.Civ.P., for summary judgment in their favor upon the ground that the three-year federal statute of limitations, contained in 28 U.S.C. § 2415, has barred the cause of action. In support of the defendants' contention, they rely upon the cases of *United States v. Gera*, 279 F.Supp. 731 (W.D.Pa., 1968), and *United States v. Gera*, 409 F.2d 117 (3rd Cir., 1969). The Third Circuit in *Gera* held that the state statute of limitations does not apply to cases involving the Medical Care Recovery Act. There is no dispute in this case as to what statute of limitations applies. The parties agree that the applicable limitations period is three years. The question here is when the cause of action accrues. The District Court in *Gera* laid down the well-recognized rule that ordinarily the statute of limitations begins to run in a tort action when the tort occurs. That rule does not control here as the Government is suing on the basis of an independent statutory right of subrogation.

■ *Under the Medical Care Recovery Act*, the statute of limitations does not begin to run against the Government until it has notice of the debt or it has paid the debt. Any other ruling could conceivably allow the Government's right of action to be lost before it had notice of its obligations.

It is, accordingly, ORDERED that the motion for summary judgment be, and the same hereby is, denied.

Order Accordingly.