## UNITED STATES of America

### v.

### M/V ALVA, Her Engines, Appurtenances, Tackle, etc., In Rem, and Southern Terminal & Transport Company, Inc., In Personam.

#### Civ. A. No. 79–4567.

United States District Court,
E. D. Louisiana.

Jan. 7, 1981.

Edward S. Johnson, Asst. U. S. Atty., New Orleans, La., for United States.

Dean A. Sutherland and Charles B. Colvin, of Hebert & Abbott, New Orleans, La., for movant/defendant.

CHARLES SCHWARTZ, Jr., District Judge.

This action arises upon the motion of the defendants to dismiss under 28 U.S.C. § 2415(b), which requires the United States to bring tort suits within three years of the accrual of such causes of action.

The M/V ALVA, the *in rem* defendant, and her tow allegedly struck the east gates of the Algiers Locks on October 31, 1976, causing damage in the amount of $15,-842.02. The United States bore repair costs. The Locks facilitate vessel traffic between the Mississippi River and the Intercoastal Waterway. The United States filed suit against the defendants on November 15, 1979, three years and fifteen days after the accident, seeking money damages from the defendants to compensate for the costs of repair.

The pertinent section of the applicable statute provides that

Subject to the provisions of Section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues. . . .

28 U.S.C. § 2415(b).

There can be no real doubt that this cause of action accrued to the United States at the time of the accident. The United States does not argue otherwise.

It is, however, the argument of the United States that the present cause of action is not "for money damages . . . [and] founded upon a tort." Instead, the government suggests, this is a case which arises under the commerce clause of the Constitution, Article I, Section 8, Clause 3. That is, the Constitution empowers Congress to maintain and improve commerce along navigable waters such as the Mississippi River and the Intercoastal Waterway, and cases of interference with such sovereign power are necessarily of constitutional dimension and are not to be construed as merely arising in tort. Because of this, the government argues that § 2415 may not be read as any limitation on its power to bring lawsuits such as the instant one which involve incidents interfering with interstate commerce. It is the position of the United States that § 2415 is to be construed strictly here and that the statute's aim is simply to put the government on similar footing with individuals who might bring similar claims but would be bound to do so within a certain statutory time limit.

Certainly it is true that the powers and duties of Congress with respect to the maintenance of interstate commerce are of constitutional dimension. *See*, for example, *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936), and the Rivers and Harbors Act, 33 U.S.C. 401 *et seq.* It is also true that § 2415 represents a self-imposed statute of limitations; prior to its enactment the United States had the sovereign right to bring its lawsuits at any time it desired, however long after the accrual of a cause of action. *See United States v. Gera*, 409 F.2d 117, 120–121 (3d Cir. 1969), and cases there cited.

These facts, however, cannot sway the attention of the Court from the facts of this case and the clear language of the statute. That interstate commerce may play some part in this case does not alter the fact that the case is about a maritime tort—a collision of a tug and her tow with a lock. This interpretation is entirely consistent with general notions of the definition given in the legislative history of § 2415: tort actions are those "based on damage or injury from a wrongful or negligent act." S.Rep. No.1328, 89th Cong., 2d Sess. (1966), *reprinted in* [1966] U.S.Code Cong. & Admin. News, pp. 2502, 2504. It is further clear from the history that Congress intended that the three year limit be observed save in cases in which specific exceptions, none of which figure here, were applicable and that such exceptions were created because certain actions "are of a type which might not be immediately brought to the attention of the Government or would only be uncovered after some investigation." *Id.* Clearly the ramming of a vessel against a dike is not such a subtle event.

For these reasons, the motion of the defendants to dismiss this action for monetary damages and grounded in tort as a result of the government's failure to bring it within the mandated three-year period is GRANTED.