UNITED STATES of America, Plaintiff-Appellant,

v.

CENTRAL SOYA, INC., and Canton Towing Company, Inc., in personam, and Barge AD–609B, Defendants-Appellees.

No. 81–2380.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 14, 1982.
Decided Dec. 30, 1982.

Thomas L. Jones, Dept. of Justice, Civ. Div., Torts Branch, Washington, D.C., for plaintiff-appellant.

John Halpern, Goldstein & Price, St. Louis, Mo., for defendants-appellees.

Before PELL, BAUER, and WOOD, Circuit Judges.

PELL, Circuit Judge.

The novel issue we must address in this case is whether 28 U.S.C. § 2415(b), which requires the United States to bring all actions "founded upon a tort" within three years of the accrual of such causes of action, is applicable to this Government brought action arising out of property damage to a federally-owned lock and dam. The district court concluded that the United States' entire action was time-barred under 28 U.S.C. § 2415(b). On appeal, the United States challenges this conclusion.

I.

It is alleged that on March 21, 1978, Barge AD–609B broke loose from the place where it had been moored on the Mississippi River, floated down the river and collided with a portion of the pier and dam of Lock and Dam No. 22. Lock and Dam No. 22 is located near East Hannibal, Illinois, and is a work built by the United States for the preservation and improvement of navigable waters. As a result of the collision, both the pier and dam were extensively damaged. The errant barge was owned by defendant Central Soya, Inc., and was managed and operated by defendant Canton Towing Company, Inc.

The United States brought this action in two counts. The first count was based in negligence and sought damages in the sum of $131,401.83. The second count, specifically directed against the *in-rem* defendant Barge AD–609B, was brought under the authority of the Rivers and Harbors Act, 33 U.S.C. §§ 408, 412. This count sought damages of $131,408.83 and a pecuniary penalty of not more than $2,500.00 and not less than $500.00.

The Government's complaint was filed in district court on March 25, 1981, three years and four days after the collision took place. The defendants moved for summary judgment, arguing that the Government's complaint was barred by 28 U.S.C. § 2415(b). That statute provides in pertinent part that:

> Subject to the provisions of section 2416 of this title, and except as otherwise

provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues

\*     \*     \*     \*     \*     \*

28 U.S.C. § 2415(b). The district court, without opinion, entered summary judgment in favor of the defendants. This appeal by the United States followed. Before addressing the question of whether the Government's action is barred under 28 U.S.C. § 2415(b), it is helpful to note some basic principles applicable to limitations on governmental actions.

II.

■ The doctrine *quod nullum tempus occurrit regi* states that the defense of statute of limitations cannot be asserted against a sovereign. *Guaranty Trust Co. v. United States,* 304 U.S. 126, 132, 58 S.Ct. 785, 788, 82 L.Ed. 1224 (1938). This rule derives from the common law principle that immunity from limitations is an essential prerogative of sovereignty. *Id.; See also* Blackstone, *Commentaries on the Law of England* 247 (1793). The doctrine remains viable in modern law because it supports the policy judgment that the public should not suffer because of the negligence of the officers and agents upon which the Government must necessarily rely. *United States v. Nashville, Chattanooga and St. Louis Ry. Co.,* 118 U.S. 120, 125, 6 S.Ct. 1006, 1008, 30 L.Ed. 81 (1886); *North Dakota ex rel. Board of University and School Lands v. Andrus,* 671 F.2d 271, 274 (8th Cir.1982).

Congress has the authority, however, to create a special federal statute of limitation, as a matter of federal common law, when a need for uniformity is great or when the nature of a federal right demands a particular sort of statute of limitation. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 104, 92 S.Ct. 349, 354, 30 L.Ed.2d 296 (1971). In 1966, Congress passed a statute of limitation applicable to damage suits brought by the Government. *See* 28 U.S.C. § 2415.

The statute provides, insofar as applicable here, that all actions brought by the United States for money damages which are "founded upon a tort" are to be barred unless brought within three years of the accrual of the cause of action. The express purpose of this statute was to "provide a more balanced and fair treatment of litigants in civil actions involving the Government." S.Rep. No. 1328, 89th Cong., 2d Sess., *reprinted in* [1966] U.S.Code Cong. & Admin.News, 89th Cong., 2d Sess. 2502, 2503. The Senate Report on the enacted bill noted that "it is only right that the law should provide a period of time within which the Government must bring suit on claims just as it now does as to claims of private individuals." *Id.*[1]

With these principles in mind, we now address the question whether the Government's action is barred in this case.

### III.

Count I of the Government's complaint alleged that the collision between the barge and the government property was "caused solely by the fault and negligence of the Barge AD–609B and those in charge of it." The count specified that (1) the vessel was managed by incompetent personnel; (2) the barge was improperly and negligently moored; and (3) those in charge of the barge were inattentive to their duties. The United States accordingly sought to recover $131,401.83 in damages as the reasonable cost of repairing the dam.

■ There can be little doubt that this cause of action, based upon common law principles of negligence, comes within the ambit of 28 U.S.C. § 2415(b). Count I is nothing more than an action seeking money damages premised upon the occurrence of a

common law tort. The substance of the allegations presented in Count I, cast in the light of the clear language of 28 U.S.C. § 2415(b), may admit to no other conclusion except that the Government's action in Count I is time-barred by section 2415(b). This interpretation is entirely consistent with the definition given to the term "tort actions" in the legislative history of § 2415; namely, that tort actions are those "based on damage or injury from a wrongful or negligent act." *See* S.Rep. No. 1328, *supra,* [1966] U.S.Code Cong. & Admin.News 2502, 2504. In Count I, the Government's cause of action is clearly premised on damages arising from the defendants' negligent actions. Accordingly, the Government's cause of action, as alleged in Count I, is barred by the mandated three year limitation period of 28 U.S.C. § 2415(b) and was properly dismissed.[2]

### IV.

The Government's second cause of action is directed at the *in-rem* defendant, Barge AD–609B. In Count II, it is alleged that by causing damage to Lock and Dam No. 22, Barge AD–609B is liable for damages of $131,401.83, as provided under the authority of the Rivers and Harbors Act, 33 U.S.C. § 412. In addition, the United States seeks to recover a pecuniary penalty of not less than $500.00 nor more than $2,500.00, which is also provided under the authority of 33 U.S.C. § 412. By dismissing the complaint, the district court implicitly held that the three year limitation period of 28 U.S.C. § 2415(b) is applicable to actions brought under the Rivers and Harbors Act for both damages and penalties.

### A.

■ In order for Congress to properly exercise its authority to regulate commerce,

---

1. In further support for the enactment of this statute of limitation, the Senate Report noted that the statute serves to further the fact-finding function of the trial court, prevents the litigation of stale claims, promotes fairness to the parties involved, and generally assists in the orderly administration of justice. *See* S.Rep. No. 1328, 89th Cong., 2d Sess., *reprinted in* [1966] U.S.Code Cong. & Admin.News 2502, 2503–04.

2. This conclusion is consistent with that found in *United States v. M/V Alva,* 505 F.Supp. 109 (E.D.La.1981). There, the district court concluded that the Government's action for money damages, for injuries arising out of the collision of a tug with a government-owned lock, was time-barred under 28 U.S.C. § 2415(b).

the navigable waters of the United States are deemed to be "public property of the nation, and subject to all the requisite legislation by Congress." *Gilman v. Philadelphia,* 70 U.S. 713, 725, 18 L.Ed. 96 (1866). Pursuant to this authority, Congress enacted in 1899 the Rivers and Harbors Act, 33 U.S.C. § 401 *et seq.,* for the preservation and protection of the navigable waters of the United States. *See United States v. M/V Martin,* 313 F.2d 851, 852 (7th Cir. 1963). 33 U.S.C. § 408 provides:

> It shall not be lawful for any person or persons to * * * destroy, move, injure, * * * or otherwise, or in any manner whatever impair the usefulness of any sea wall, bulkhead, jetty, dike, levee, wharf, pier, or other work built by the United States, * * * for the preservation and improvement of any of its navigable waters
>
> \*   \*   \*   \*   \*   \*

Section 411 of the Act provides for criminal penalties for any person or corporation violating § 408. The statute provides:

> Every person and every corporation that shall violate, * * * the provisions of sections 407, 408, and 409 of this title shall be guilty of a misdemeanor
>
> \*   \*   \*   \*   \*   \*

33 U.S.C. § 411. The statute further provides that upon conviction, a violator shall be subject to a fine not exceeding $2,500.00 nor less than $500.00, or by imprisonment (in the case of a natural person) for not less than thirty days nor more than one year, or by both such fine and imprisonment.

The inadequacy of these criminal penalties has often been noted and is beyond dispute. *See, e.g., Wyandotte Transportation Co. v. United States,* 389 U.S. 191, 202, 88 S.Ct. 379, 386, 19 L.Ed.2d 407 (1967). It is recognized that a prison term is hardly a satisfactory remedy for the pecuniary injury which a negligent or intentional tort-

feasor may inflict upon the Government. *See J.I. Case Co. v. Borak,* 377 U.S. 426, 432–34, 84 S.Ct. 1556, 1559–60, 12 L.Ed.2d 423 (1964); *Texas & Pacific Ry. Co. v. Rigsby,* 241 U.S. 33, 39–42, 36 S.Ct. 482, 484–485, 60 L.Ed. 874 (1916). Moreover, the monetary provisions, in light of the magnitude of possible damage, are meager at best. *See Hines, Inc. v. United States,* 551 F.2d 717, 721 (6th Cir.1977). Congress no doubt recognized this as it further provided for civil remedies in the Rivers and Harbors Act:

> \*   \*   \*   \*   \*   \*
>
> And any boat, vessel, * * * employed in violating any of the provisions of sections 407, 408, and 409 of this title shall be liable for the pecuniary penalties specified in section 411 of this title, and in addition thereto for the amount of the damages done by said boat, vessel
>
> \*   \*   \*   \*   \*   \*

33 U.S.C. § 412.[3] In all actions brought pursuant to this statute, a defendant-vessel is liable if it is shown that the vessel has been the cause of the violation of § 408. There is no requirement that negligence be shown as the statute has been interpreted to be one of strict liability. *United States v. M/V Martin, supra,* 313 F.2d at 853. Lastly, the Rivers and Harbors Act does not expressly have a limitation period in which civil actions under § 412 must be commenced. Thus arises the dispositive issue of whether the three year limitation under section 2415(b), which applies to actions for damages "founded upon a tort," is applicable to civil causes of action brought under the Rivers and Harbors Act.

As previously discussed, section 2415(b) represents a self-imposed statute of limitations. Prior to its enactment in 1966, the United States had the sovereign right to bring its lawsuits at any time it desired. *See United States v. Gera,* 409 F.2d 117, 120 (3d Cir.1969). Section 2415 was intended to

---

**3.** The legislative history behind the enactment of these additional civil remedies is scant. The Rivers and Harbors Act of 1899 was largely a codification of existing laws pertaining to rivers and harbors, with no essential changes being made in existing law. *See* 32 Cong.Rec. 2923 (1899); H.R.Doc. No. 293, 54th Cong., 2d Sess. (1897). The forebear to 33 U.S.C. § 412 likewise is void of illuminating legislative history. *See* Rivers and Harbors Act of 1894, 28 Stat. 363, sections 7 & 8.

remedy broadly this situation, for the benefit of both the Government as well as the parties it brought suit against, by imposing a three year limitation period. The Senate, as previously noted, defined tort actions as "actions based on damage or injuries from a *wrongful* or negligent act." *See* S.Rep. No. 1328, *supra* [1966] U.S.Code Cong. & Admin. News at 2504 (emphasis added). Based on the unequivocal language of this definition, the Government's suit for damages against the *in-rem* defendant can only be considered an action arising from a wrongful act and accordingly is one "founded upon a tort" and barred by 28 U.S.C. § 2415(b). The Government's action for damages is based upon the occurrence of a statutorily defined wrongful act; *i.e.,* a violation of 33 U.S.C. § 408. Section 408 has defined the wrongful act, which in this case is the injury to Lock and Dam No. 22 which arose out of the collision between Barge AD–609B and the dam. Clearly, the tort limitation statute of § 2415(b) must apply.[4]

The Government argues, however, that its action for damages pursuant to the Rivers and Harbors Act is not an action "founded upon a tort," but instead arises under the United States' police power to maintain commerce along navigable waters. We disagree. A suit seeking the criminal penalties of section 408 may indeed be classified as a prosecution brought pursuant to the police power. Here, however, we are confronted with an action seeking monetary damages arising from a wrongful act, which, according to the definition provided by Congress, is an action founded upon a tort. That the Rivers and Harbors Act was enacted pursuant to the Commerce Clause does not alter the fact that the Government's case essentially concerns a maritime tort—a suit for damages arising from the collision of a barge with a lock and dam— for which it now seeks money damages.

---

4. That the Government's action for damages in this case is founded in "tort" is further exemplified by the fact that two of the basic policies underlying theories of tort liability are satisfied by the Government's suit: deterrence of harm-causing conduct and compensation for damages and injuries arising out of that conduct. *Cf. Reyno v. Piper AirCraft Co.,* 630 F.2d 149, 167 (3d Cir.1980), *rev'd on other grounds,* 454

## B.

Having concluded that the Government's suit for damages against the *in-rem* defendant is barred by 28 U.S.C. § 2415(b), we are left to determine whether the United States may seek the pecuniary penalties provided under 33 U.S.C. § 412. The district court, by dismissing the Government's complaint, implicitly held that section 2415 barred the Government from seeking the statutorily provided penalties as well as damages. This conclusion, however, misreads the express language of section 2415. That section applies to actions for damages, not penalties or fines. The applicable statute of limitations for actions for penalties is found at 28 U.S.C. § 2462, which provides:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued

> \*    \*    \*    \*    \*    \*

28 U.S.C. § 2462. Under this section the Government's action clearly is not time-barred.

The United States, while admitting that the five year limitation for penalty actions applies in this case, argues that if we rule that § 2415(b) applies to its action for damages, the Government will be in the "anomalous" and inconsistent position of being subject to two different statutes of limitation arising under the same underlying factual situation. This argument, however, was recognized and refuted by Congress in the legislative history of section 2415:

> The committee points out that the bill does not affect existing statutes of limi-

---

U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). Furthermore, while section 412 is a statute of strict liability, it is not one of absolute liability. As the appellees have pointed out, an offending vessel may escape fault if it can prove that the collision resulted from the fault of the Government, which is a typical defense in tort. *See United States v. Tug Colette Malloy,* 507 F.2d 1019, 1022–23 (5th Cir.1975).

tations. For example, section 235 of title 31, United States Code, concerned false claims against the Government and provides that *actions on such matters must be brought within 6 years. Suits for the enforcement of civil fines, and penalty of forfeiture must be brought within 5 years (28 U.S.C. 2462);* 12 United States Code, section 1703(b) provides a 2-year period applicable to suits by the Federal Housing Authority for the recovery of an overpayment on a guarantee of a home improvement loan. There are other such statutes in the law at the present time. Not all of them are consistent with the limitations proposed in this bill. In view of the specialized nature of the other provisions, the committee has concluded that they would be better dealt with at a subsequent time on an individual basis, if in fact any change would appear to be desirable.

S.Rep. No. 1328, 89th Cong., 2d Sess., *reprinted in* [1966] U.S.Code Cong. & Admin. News 2502, 2509 (emphasis added). Congress obviously was aware of the possibility that conflicts could arise, but chose to address any conflicts only after they arose and then on a case-by-case basis. Should Congress disagree with our interpretation that section 2415(b) applies to civil actions for damages brought under the authority of the Rivers and Harbors Act, it will no doubt address the issue at a subsequent time.

### V.

Accordingly, the dismissal of the Government's first cause of action premised on negligence is AFFIRMED. The dismissal of the Government's second cause of action, inasmuch as the complaint sought damages under the Rivers and Harbors Act is also AFFIRMED. To the extent that the Government's cause of action sought enforcement of a civil penalty as provided by 33 U.S.C. § 412, however, the judgment of the district court is REVERSED and REMANDED for proceedings consistent with this opinion.