James H. O’Connor, J.
The plaintiff moves this court for an order granting him leave to serve an amended complaint which would include a claim for reimbursement to the United States of America for hospital and medical care and treatment furnished by said United States of America to him.
The action arose out of an accident which occurred on April 6, 1966 wherein the plaintiff sustained personal injuries. He was a member of the United States Air Force at the time of the accident and was treated by government physicians and in government hospitals.
*81 The plaintiff claims that pursuant to the terms of the Medical Care Recovery Act (U. S. Code, tit. 42, §§ 2651-2653) the United States of America has the right to be subrogated in the instant action so as to recover the expenses for medical care and treatment gratuitously furnished to the plaintiff.
The note of issue in this action was filed February 3,1967 and noticed for the April 1967 Term of Supreme Court, Owego County.
The defendant opposes the instant motion on many grounds, among which is the contention that the Federal statute does not permit the intervention or amendment to a pending action if such action was not commenced within six months from the first day upon which treatment was furnished by the United States of America. They claim that the Government must institute a separate action under these facts. Furthermore they claim that the United States of America is not entitled to sue in the name of the plaintiff under CPLR1004 and has been guilty of laches in making the present application.
As to the first contention of the defendant, it has been held that the six-month provision only means that the Government must wait six months to afford the injured person the opportunity to bring his action first. If he does so the Government may intervene at any time even after the six months’ period has expired and may intervene even if the injured person’s action was brought after the six months’ period had run: (United States v. Merrigan, 389 F. 2d 21.)
However it is this court’s decision that the motion should be denied on the ground that the United States under section 2651 of title 42 of the United States Code can either bring an independent action to recover amounts expended for medical care to the plaintiff; can move to intervene in the pending action or be joined in that action, but cannot under the guise of amending a complaint assert its claim when said United States is not made a named party to the action.
Section one of the Medical Care Recovery Act (U. S. Code, tit. 42, § 2651) states as follows:
“ (a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person (other than or in addition to the United States and except employers of seamen treated under the provisions of section 249 of this title) to pay damages therefor, the United States shall have a right to recover from *82 said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. The head of the department or agency of the United States furnishing such care or treatment may also require the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, as appropriate, to assign his claim or cause of action against the third person to the extent of that right or claim.
“ (b) The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, against the third person who is liable for the injury or disease; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury or disease involved, institute and prosecute legal proceedings against the third person who is liable for the injury or disease, in a State or Federal court, either alone (in its own name or in the name of the injured person, his guardian, personal representative, estate, dependents, or survivors) or in conjunction with the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors.”
What is intended in regard to the rights granted to the Federal Government under this statute can be gleaned from the recent case, United States v. Fort Benning Rifle and Pistol Club (387 F. 2d 884). In that ease the United States brought an Independent action in Federal court against a defendant to recover the reasonable value of medical care which the United States furnished a victim of the defendant’s allegedly tortious conduct. It was the defendant’s contention in that case that the action was barred by the State of Georgia’s two-year Statute of Limitations for personal injury actions and that if the Statute of Limitations was not a bar the United States would be in a more advantageous position than the injured person. The defendant claimed that the United States should be subject to the same State law defenses which could be asserted by the tort-feasor against the injured person. Indicating that the United States is not a strict subrogee, the court held that the act created in the United States an independent right of recovery which right is subrogated only to the extent that it is subject to any State substantive defense which would negate the requirement that the *83 injuries arising under circumstances create a tort liability upon some third person. In other words, the United States is not a subrogee in the technical sense, but its recovery depends solely on establishing liability to the injured person on the third party.
Thus in the instant case, under no theory can it be held that the United States can be subrogated as an insurance carrier might well be within the meaning of CPLR 1004. Therefore, it is our holding that the United States cannot recover unless it is made a party to the action by intervention or joinder.
This reasoning is fortified by a fair reading of subdivision (b) of section 2651 of title 42 of the United States Code which indicates that the United States may enforce its right by intervention, joinder or by an independent action. There is no provision in the statute for the United States to enforce its rights under any common-law subrogation theory wherein the accommodated person would simply include the Government’s claim as his own.
It has even been held that an injured serviceman or other person entitled to gratuitous treatment for injuries at government expense is not required to institute an action which would include claims for the fair and reasonable value of services furnished by the United States. (United States v. Jones, 264 F. Supp. 11; United States v. Winter, 275 F. Supp. 895.)
Therefore, it is this court’s holding that the United States would have to move to intervene or move to join as a party plaintiff or commence an independent action in order to obtain the relief sought on this application.