Bellotti *v.* Spaeder, Appellant.

Argued October 9, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Irving O. Murphy,* with him *MacDonald, Illig, Jones & Britton,* for appellant.

220

*John R. Falcone,* with him *Petrillo, Cavanaugh & Falcone,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 15, 1969:

This action was brought to recover damages for personal injuries suffered in an automobile accident. The original defendant moved for judgment on the pleadings on the ground that the action was barred by the statute of limitations. From the denial of this motion, the present appeal was filed. It must be quashed.

An order denying a defendant's motion for judgment on the pleadings is interlocutory and is not appealable. *McGee v. Singley,* 382 Pa. 18, 114 A. 2d 141 (1955), and *Vendetti v. Schuster,*[1] 418 Pa. 68, 208 A. 2d 864 (1965). But it is asserted that a question of jurisdiction is involved, and hence, an appeal lies under the Act of March 5, 1925, P. L. 23, 12 P.S. §672. This is not correct.

The Act of 1925, supra, allows an appeal "wherever in any proceeding in law or in equity the question of jurisdiction over the defendant or the cause of action for which suit is brought is raised in the court of first instance . . . ." In the instant case, there can be no question of the court's competence to hear the controversy or of its jurisdiction over the person of the defendant after valid service of process. The defense raised does not go to the judicial power of the court as to the cause or its jurisdiction over the person of the defendant, but rather to the mode in which the case is brought before the court.

---

[1] An interlocutory order is not appealable unless specifically made so by statute. An order denying *a plaintiff's motion for judgment on the pleadings in assumpsit actions* is made appealable by the Act of April 18, 1874, P. L. 64, 12 P.S. §1097. See *Ross v. Metropolitan Life Insurance Co.,* 403 Pa. 135, 169 A. 2d 74 (1961). The Act of 1874 is inapplicable here. *Vendetti v. Schuster,* supra.

In personal injury actions, the defense of the statute of limitations does not divest the court of power to hear the action and may be waived by consent or conduct of the parties. It is merely a procedural bar to recovery. *Echon v. Penna. R.R. Co.*, 365 Pa. 529, 76 A. 2d 175 (1950), and *Goldstein v. Stadler*, 417 Pa. 589, 208 A. 2d 850 (1965).[2]

Appeal quashed.

Mr. Justice MUSMANNO did not participate in the decision of this case.

---

[2] The general statute of limitations barring recovery in personal injury actions after the lapse of time is not a condition placed by the law on a substantive right such as in the Workmen's Compensation Act and the Mechanics' Lien Law. Cf. *Goldstein v. Stadler*, 417 Pa. 589, 208 A. 2d 850 n. 1 (1965).