Edward J. PALMER

v.

STERLING DRUGS, INC., Winthrop Laboratories Division.

Civ. A. No. 71–2831.

United States District Court, E. D. Pennsylvania.

May 5, 1972.

3. But see McKeiver v. Pennsylvania, *supra*, at page 533, 91 S.Ct. 1976.

Alan N. Rubenstein, Philadelphia, Pa., for plaintiff.

William V. Coleman, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the Court is the defendant's motion to strike and/or dismiss certain allegations in the plaintiff's Complaint.

The Complaint was filed in this matter against defendant, Sterling Drugs, Inc., seeking recovery for personal injuries sustained as a direct result of the negligence of the defendant in manufacturing, advertising, selling, labelling, packaging, and distributing a certain drug named "Talwin", and as a result of defendant's breach of its express warranty of fitness and implied warranty of merchantability with regard to said drug. In addition to allegations of pain and suffering, loss of income and earning capacity, and proximately caused personal injuries, is the following allegation which forms the basis of defendant's Motion to Strike And/Or Dismiss a Portion of the Pleading:

" . . . As a further result of said injuries the plaintiff has received and in the future will continue to receive medical and hospital care and treatment furnished by the United States of America. The plaintiff for the sole use and benefit of the United States of America under the provisions of 42 United States Code 2651–2653, and with its expressed consent, asserts a claim for the reasonable value of said past and future care and treatment."

The incorporation of this allegation within the Complaint arises from an authorization contained within a letter from the Veterans' Administration Center, addressed to counsel for plaintiff, requesting that this allegation be included within the Complaint pursuant to the Federal Medical Care Recovery Act, 42 U.S.C. §§ 2651–2653.

The principal section of the statute is § 2651. Subsection (a) creates a "right" in the United States "to recover" from the tortfeasor the value of medical care it has furnished the injured person and provides that the government shall be subrogated to any claim of the injured person against the tortfeasor to the extent of the value of the care and treatment it has furnished. Subsection (b) prescribes the procedure for enforcement of the government's right of recovery. Since the issue presented in this case involves the construction of these provisions, we must set them out in full:

"§ 2651. Recovery by United States—
    Conditions; exceptions; persons liable; amount of recovery; subrogation; assignment

(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person (other than or in addition to the United States and except employers of seamen treated under the provisions of section 249 of this title) to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be abrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable-value of the care and treatment so furnished or to be furnished. The head of the department or agency of the United States furnishing such care or treatment may also require the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, as appropriate, to assign his claim or cause of action against the third person to the extent of that right or claim.

Enforcement procedure; intervention; joinder of parties; State or Federal court proceedings

(b) The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, against the third person who is liable for the injury or disease; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury or disease involved, institute and prosecute legal proceedings against the third person who is liable for the injury or disease,

in a State or Federal court, either alone (in its own name or in the name of the injured person, his guardian, personal representative, estate, dependents, or survivors) or in conjunction with the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors."

The defendant contends that the statute creates a right of recovery which may be pursued by the United States in only two ways. The United States may (1) intervene or join in any action or proceeding brought by the injured person against the tortfeasor, or (2) if such action is not commenced within six months after the first day the care and treatment were furnished, it may institute its own legal proceeding against the tortfeasor.

■ Simply stated, defendant seeks to strictly construe the Act as affording only two avenues of recovery for the United States Government. A reading of the Act however demonstrates that this intended construction is in opposition to the permissive language of the statute. § 2651(b), Enforcement Procedure, states that the United States *may*, to enforce such right . . . intervene or join in an action, or institute legal proceedings against the third person. (Emphasis supplied.) This language is not mandatory upon the United States, but merely directory and permissive. See United States v. Wittrock, 268 F.Supp. 325 (E.D.Pa.1967); United States v. Merrigan, 389 F.2d 21 (3d Cir. 1968); United States v. Housing Authority of City of Bremerton, 415 F.2d 239 (9th Cir. 1969).

The defendant claims that the plaintiff seeks to assert a claim for the government which, under the provisions of the Act, "does not reside in any private party." The defendant then claims that the right "exists solely as a claim by the government to be pursued by adhering to either of the two methods of enforcement. This *exact point* was raised in Conley v. Maattala, 303 F.Supp. 484 (D.C. N.H.1969) wherein the Court was confronted with the plaintiff alleging, as here, an injury sustained as a result of

the negligence of a third party tortfeasor. There, as here, the plaintiff sought recovery of "the reasonable value of medical care and treatment furnished and to be furnished [the plaintiff] by the United States . . ., for the *sole use and benefit of the United States* in accordance with . . . 42 U.S.C. §§ 2651–2652 . . ., *with the consent of the United States.*" *Id.* at 485. (Emphasis supplied). This must be compared with plaintiff's allegation within paragraph 8 of its Complaint, the pertinent part of which states that: "The plaintiff for the *sole use and benefit of the United States of America* under the provisions of 42 U.S.C. §§ 2651–2653 and with its *expressed consent*, asserts a claim for the reasonable value of said past and future care and treatment." (Emphasis supplied)

The Court also noted that in the cited case the claim of the government arose, as here, by letter addressed to counsel for plaintiff, from a government agency, in the cited case, the Department of the Army, here, the Veterans' Administration, in which the government "authorized the attorneys for the plaintiff to assert the claim of the United States as an item of special damage in the suit brought by the plaintiff against the defendant." *Id.* at 485.

As to the defendant's argument that the United States had only two avenues of recovery the Court in *Conley* disagreed, stating at 485:

"As the Court reads 42 U.S.C. § 2651, the United States Government has three ways of recovering for medical and hospital care . . . (1) by subrogation; (2) by intervening or joining in any action brought by the injured person; and, (3) by instituting such an action itself or in conjunction with the injured or deceased person. *None of these procedures is mandatory: the choice of method is left to the head of the department or agency furnishing such care.*"

In dismissing the defendant's Motion, the opinion concluded with a statement that " . . . The Court conceives of no valid reason why the United States should be required to be made a party either by way of intervention or the institution of an additional action." *Id.* at 485. We concur in that view.

The defendant also advances the twofold argument against the construction of the Act, as was done in *Conley*, namely, that the defendant would be prejudiced if subjected to a claim by plaintiff on behalf of the government, as having "considerable effect upon a jury" and that the defendant would be exposed to the risk of "double recovery". We fail to see any merit to the defendant's claim of prejudice. The fear of double recovery against the defendant also seems to us unfounded. It must be remembered that the recovery of these sums for medical expenses is for "the sole use and benefit of the United States" and not for plaintiff's use. If necessary, the interest of the United States can easily be clarified at the time of trial. Additionally, the United States having expressly consented to pursue enforcement in this manner would be estopped from any further action in the event the plaintiff does not prevail. Under these circumstances the United States would have had its day in court.

Finally, the defendant cites the case of *Stopfer v. Doro Chemical Co.*, C.A. No. 69–2755 (E.D.Pa.1970). In this case heard by the Honorable Charles R. Weiner, the defendant herein contends that Judge Weiner's opinion declares that the "United States should not be denied the prerogative of joining in the action or bringing a separate suit against the alleged tortfeasor". In his opinion Judge Weiner declares that "Congressional remedies given to the government may only be exercised by the government", and that "to determine otherwise, would permit a private litigant to *dictate* the choice of the action to be taken by the United States." The concluding sentence of the opinion states that the remedy cannot be *"usurped* by an individual". (Emphasis supplied.)

This, however, is not the case in the matter now before the Court—here the private litigant has not *"dictated"* the course of action or *"usurped"* a prerogative of the government, but has instead, acted with the express authorization and consent of the United States Government, through its agency, the Veterans' Administration.

It was the intent of Congress to create an independent right of action in the United States, this right should be viewed as "to enable the government freely to assert this cause of action in any of a wide variety of possible procedural alternatives." United States v. Winter, 275 F.Supp. 895 (E.D.Pa.1967).