## Wiener et ux. *v.* Gemunden, Appellant.

Argued December 12, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*John F. McElvenny,* with him *Henry F. Furman,* for appellant.

*Martin Greitzer,* with him *Greitzer and Locks,* for appellees.

OPINION BY JACOBS, J., March 27, 1973:

Marilyn Wiener, wife of Abba Wiener, was injured in an automobile accident on February 23, 1969. On February 22, 1971, within the 2-year statute of limitations, Abba and Marilyn Wiener, the appellees, filed a writ of summons in trespass against Anna R. Gemunden, the appellant, and Mario Caceres. The filing fee of $15.50 was paid, but since the appellees failed to pay the sheriff's fee there was no service upon appellant. The writ of summons was reissued on November 9, 1971. This time the sheriff's fee was paid, and the writ was served upon the appellant the following day. After the appellees filed their complaint in trespass, the appellant filed preliminary objections claiming there was no jurisdiction over her person on the ground that the 2-year statute of limitations had run before the service upon her. Appellant further contended that the filing of the praecipe for writ of summons on February 22, 1971, did not toll the statute of limitations since the appellees failed to pay the sheriff's fee and this amounted to a hold. After argument on these issues, the lower court overruled the appellant's preliminary objections. From this order, the appellant now appeals.

We must quash this appeal for the reason that the order of the lower court overruling appellant's preliminary objections was interlocutory and not appealable. As a general rule such an order is interlocutory. *West Homestead Borough School Dist. v. Allegheny County Bd. of School Directors,* 440 Pa. 113, 269 A.2d 904 (1970). If the lower court's order raises a "question of jurisdiction" over the person of the defendant or over the cause of action, then such order is appealable. Act of March 5, 1925, P. L. 23, § 1, 12 P.S. § 672. Here, the appellant claims that there was no jurisdiction over her person because the statute of limitations had run before she was served with the summons. In *Bellotti v. Spaeder,* 433 Pa. 219, 249 A.2d 343 (1969), the appellant also asserted that a question of jurisdiction was involved since the statute of limitations had run, and hence a right to appeal existed. The Pennsylvania Supreme Court, speaking through Justice EAGEN, answered: "The defense raised [statute of limitations] does not go to the judicial power of the court as to the cause or its jurisdiction over the person of the defendant, but rather to the mode in which the case is brought before the court." *Id.* at 220, 249 A.2d at 344. Thus, the defense of the statute of limitations is not a jurisdictional defense, but merely a procedural bar to recovery and the general rule applies.

Appeal quashed.