## Katz, et al., Appellants, *v.* Greig.

128

Argued November 16, 1974. Before Watkins, P. J., Jacobs, Hoffman, Cercone, Price, Van der Voort, and Spaeth, JJ.

*Warren W. Bentz,* for appellants.

*Irving Murphy,* with him *William R. Brown,* and *MacDonald, Illig, Jones & Britton,* for appellee.

Opinion by Jacobs, J., April 22, 1975:

This appeal from an order granting appellee's motion for judgment on the pleadings[1] arises from an automobile accident in which the minor plaintiff, David Katz, sustained serious injuries. The only issues before us are first, whether the plaintiffs' claim asserted in their own right is barred by the applicable two year statute of limitations;[2] and second, whether the claim asserted on behalf of the United States Government under the Medical Care Re-

---

1. Pa.R.C.P. 1034.
2. Act of June 24, 1895, P.L. 236, §2, 12 P.S. §34 (1953).

covery Act[3] was properly asserted, and if so, whether it is also barred by the Pennsylvania statute of limitations.

## I

The procedural history of this case clearly reveals that the claim asserted by the appellants in their own right is barred by the statute of limitations. The injury occurred on January 8, 1970. A praecipe for a writ of summons was filed on November 6, 1970; however, the appellants never directed service or paid the costs to secure service. It is undisputed that service of this summons was never effected. The summons was reissued on January 5, 1973, a complaint was filed on January 6, 1973, and both were then validly served.

The law is clear that a writ of summons properly issued within the applicable statute of limitations validly commences an action.[4] The law is also clear, however, that a party who has caused a writ to issue but not be served must act to protect the efficacy of the writ. If this be done by reissuance of the writ,[5] it must be done within a period of time which, measured from the issuance of the original writ, is not longer than the time required by the applicable statute of limitations for the bringing of the action. *Yefko v. Ochs,* 437 Pa. 233, 263 A.2d 416 (1970); *Zarlinsky v. Laudenslager,* 402 Pa. 290, 167 A.2d 317 (1961). Because the original writ was not reissued until

---

3. 42 U.S.C. §§2651-53 (1973)

4. *See* Pa.R.C.P. 1007.

5. This was the only method available during the time frame pertinent to this case. *See Yefko v. Ochs,* 437 Pa. 233, 263 A.2d 416 (1970). The law as enunciated in *Yefko* was changed on June 28, 1974, by amendment to Pa.R.C.P. 1010, which now permits a plaintiff to treat a complaint as alternative original process and as the equivalent for all purposes of a reissued writ. Filing, reinstatement or substitution of a complaint which is used as alternative process must be accomplished within the same time period within which a writ must be reissued.

after November 6, 1972, the claim asserted by the appellants in their own right is barred by decisional rule drawn by analogy from the applicable two year statute of limitations. This is the undisputed law and any plea for a re-evaluation of the Act of 1895 is properly addressed to the Legislature not the courts of this Commonwealth.

## II

The appellants in their complaint also assert a claim on behalf of the United States Government under the Medical Care Recovery Act.[6] This Act confers upon the United States the right to recover from a tortfeasor the reasonable value of medical care and treatment which it is authorized or required by law to furnish to an injured person.[7] In the case at bar certain of the medical expenses

---

6. 42 U.S.C. §§2651-53 (1973). The complaint sets forth the claim in paragraph 14 of count one and paragraph 18 in count two.

"14. As a result of said injuries, the Plaintiff has received and in the future will continue to receive medical and hospital care and treatment furnished by the United States of America under the provisions of 42 U.S.C. 2651-53 and with its expressed consent, asserts a claim for the reasonable value of said care and treatment.

". . .

"18. As a result of said injuries, the Plaintiff has received and in the future will continue to receive medical and hospital care and treatment furnished by the United States of America. The Plaintiff, for the sole use and benefit of the United States of America under the provisions of 42 U.S.C. 2651-53 and with its expressed consent, asserts a claim for the reasonable value of said care and treatment."

7. 42 U.S.C. §2651(a) (1973) provides:

"(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care, and treatment . . . to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person . . . to pay damages therefor, *the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and*

of David Katz were paid by the United States Government because his father was a retired member of the United States Navy.

We note at the outset that any contention raised that the appellee has not yet been properly brought before the court must be rejected. The appellee was validly served with a summons in trespass and the docket entries so reveal. The defense of a statute of limitations of the nature involved in this case is not a jurisdictional defense, but merely a procedural bar to recovery and it in no way affects the validity of the service of process. *Wiener v. Gemunden,* 223 Pa. Superior Ct. 558, 302 A.2d 454 (1973). "The defense raised does not go to the judicial power of the court as to the cause or its jurisdiction over the person of the defendant, but rather to the mode in which the case is brought before the court." *Bellotti v. Spaeder,* 433 Pa. 219, 220, 249 A.2d 343, 344 (1969). Therefore, any assertion that the appellee is not properly before the court is simply incorrect.

The appellee also contends that the claim of the United States must fail because it was not asserted in the manner prescribed by the Act.[8] Although this view

---

*shall,* as to this right be subrogated to any right or claim that the injured or diseased person . . . has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished." (Emphasis added).

8. 42 U.S.C. §2651(b) (1973) provides:

"(b). The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, against the third person who is liable for the injury or disease; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury or disease involved, institute and prosecute legal proceedings against the third person who is liable for the injury or disease, in a State or Federal court, either alone (in its own name or in

was adopted by a New York trial court in *Carrington v. Vanlinder,* 58 Misc. 2d 80, 294 N.Y.S. 2d 412 (1968), without citation to authority, we cannot accept it as a proper interpretation of the law. The court in *Conley v. Maattala,* 303 F. Supp. 484 (D.N.H. 1969) observed that none of the procedures for enforcing the government's right of recovery under the Act is mandatory and denied a motion to dismiss a count substantially identical with the one in the instant case. We believe that this is a better interpretation of the Act. "When a specific interest and right has been conferred upon the United States by statute, the remedies and procedures for enforcing that right are not to be narrowly construed so as to prevent the effectuation of the policy declared by Congress." *United States v. York,* 398 F.2d 582, 586 (6th Cir. 1968). *See Wyandotte Transp. Co. v. United States,* 389 U.S. 191 (1967).

In *Palmer v. Sterling Drugs, Inc.,* 343 F. Supp. 692 (E.D. Pa. 1972), the claim of the government arose, as in the case before us, by letter addressed to counsel for plaintiff from a government agency. The court also rejected an argument "that the United States had only two avenues of recovery," *id.* at 695, and permitted the tort victim to pursue the claim on behalf of and with the consent of the United States. The same result was reached in *Albright v. R. J. Reynolds Tobacco Co.,* 350 F. Supp. 341 (W.D. Pa. 1972), *aff'd* 485 F.2d 678 (3d Cir. 1973), *cert. denied,* 416 U.S. 951 (1974). The right of the United States should be interpreted "to enable the government freely to assert this cause of action in any of a wide variety of possible procedural alternatives." *United States v. Winter,* 275 F. Supp. 895, 896 (E.D. Pa. 1967).

The appellant lastly contends that even if properly brought the claim asserted on behalf of the United States

the name of the injured person, his guardian, personal representative, estate, dependents, or survivors) or in conjunction with the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors."

is also barred by the state statute of limitations.[9] This contention, however, is incorrect. The Medical Care Recovery Act confers upon the United States a separate and independent right to recover the reasonable value of care and treatment which it furnishes to an injured person, *United States v. Greene,* 266 F. Supp. 976 (N.D. Ill. 1967), and under the historic doctrine of the immunity of the sovereign the exercise of that right is not subject to any state statute of limitations. *United States v. Gera,* 409 F.2d 117 (3d Cir. 1969); *see Annot.* 7 A.L.R. Fed. 289 (1971). The statute of limitations applicable to the claim asserted on behalf of the United States is three years;[10] and because there was valid service of process of a claim asserted in a legally cognizable manner within that time period, the claim of the United States is not barred.

The order is affirmed insofar as it holds that the claim asserted by the Katzes in their own right is barred; the order is reversed insofar as it dismisses the claim asserted in behalf of the United States.

———

Concurring Opinion by Van der Voort, J.:

This case is an appeal from an Order of the Trial Court granting Defendants' Motion for judgment on the pleadings in a trespass action.

On January 8, 1970, David Katz, then 13 years of age, had his right leg fractured and injured when the Defendant Richard A. Greig drove his pick up truck into the back of an automobile owned by his father, pinning David's leg between two bumpers. David was hospitalized on seven occasions through the years 1970 to 1973 with the lower leg eventually being amputated. A summons in trespass was issued on November 6, 1970, but was not served. On January 5, 1973, the summons was re-issued

———

9. *See* n.2, supra.

10. 28 U.S.C. 2415(b) (Supp. 1975).

and the following day a complaint was filed which summons and complaint were served on January 16, 1973. Certain medical expenses of David Katz were paid by the United States of America since his father was a retired member of the Navy. The United States asserted its claim for these expenses in the name of the injured person David Katz. Its claim was asserted in the following language:

"14. As a result of said injuries, the Plaintiff has received and in the future will continue to receive medical and hospital care and treatment furnished by the United States of America under the provisions of 42 U.S.C. 2651-53 and with its expressed consent, asserts a claim for the reasonable value of said care and treatment."

And in Count 2 of the Complaint:

"18. As a result of said injuries, the Plaintiff has received and in the future will continue to receive medical and hospital care and treatment furnished by the United States of America. The Plaintiff, for the sole use and benefit of the United States of America under the provisions of 42 U.S.C. 2651-53 and with its expressed consent, asserts a claim for the reasonable value of said care and treatment."

The Appellee filed an answer raising the two year state statute of limitations and moving for judgment on the pleadings which motion the Court granted. The granting of judgment for the Defendants insofar as the claim of David Katz is concerned was correct but the granting of judgment for the Defendants relating to the claim of the United States was improper.

The writ of summons not having been re-issued within the period of the state statute of limitations expired and died as to the claim of David Katz. The period of limitations for the Federal claim, however, is and was three years and the writ of summons was effectively re-issued and revived within that time.

The United States is required by law to furnish hospital services to members of the Armed Forces and certain of their dependents. In 1962, Congress provided by the Federal Medical Care Recovery Act that the United States might recover the costs of such services where there was third party liability for tortious injuries. See 42 U.S.C. 2651-53, Section 2651 of the Code which provides as follows:

"(a) In any case in which the United States is authorized or required by law, to furnish hospital, medical, surgical, or dental care, under treatment (including prosthesis and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability on some third person ... to pay damages therefor, *the United States shall have a right to recover from said third person, the reasonable value of the care and treatment so furnished or to be furnished and shall,* as to this right, be subrogated to any right or claim that the injured or diseased person ... has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished." (Emphasis supplied)

The right of the United States to recover its costs of medical treatment is a separate and independent right of action. *U.S. v. Greene,* 266 F. Supp. 976 (N.D. Ill. 1967). This separate and independent right is not limited nor barred by state statutes of limitation. *United States v. Summerlin,* 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *United States v. Gera,* 409 F.2d 117 (3d Cir. 1969). In *Summerlin,* the Court stated:

"When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." 310 U.S. at 417, 60 S.Ct. at 1020.

The statute of limitations for the claim of the United States under the Federal Medical Care Recovery Act is governed by 28 U.S.C. §2415(b), which provides as follows:

"Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues . . ."

The Appellee would have us hold that since the language of Federal Medical Care Recovery Act provides that the United States shall "be subrogated to any right or claim that the injured person . . . has against such third person . . ." and since the right of the injured Plaintiff is barred by the state statute of limitations the right of the United States is also barred. What the Recovery Act does is to create an independent right of action in the United States and subjects it to the substantive right of the injured Plaintiff to recovery for his injuries. The Act does not subject the United States to state procedural limitations. As it is stated in *United States v. Fort Benning Rifle and Pistol Club*, 387 F.2d 884, 887 (5th Cir. 1967) : "Limitations has nothing to do with whether the circumstances surrounding the injury created tort liability in that third person."

The claim of the United States having been duly commenced and asserted within the three year Federal Statute of Limitations and not being barred by the State Limitations should not have been extinguished by the granting of judgments for the Defendants upon the pleadings.

I concur in affirming the Order of the Trial Court with respect to judgment for the Defendants as to the claim of the individual Plaintiffs, and reversing the Order granting such judgment with respect to the claim of the United States.

CONCURRING AND DISSENTING OPINION BY PRICE, J.:

This appeal is taken from an Order granting appellee's motion for judgment on the pleadings entered by the Common Pleas Court of Erie County on July 5, 1974.

The facts as framed by the pleadings reveal that this action in trespass arose from an accident and resulting personal injuries to the 13 year old appellant, which occurred on January 8, 1970.

On November 6, 1970 appellants filed a praecipe in the office of the Prothonotary of Erie County directing the issuance of a summons in trespass. The summons was issued, but appellants never directed service nor were the costs paid to secure service.

On January 5, 1973 more than two years after the issuance of the original summons and just three days short of three years after the occurrence of the accident, the appellants directed reissuance of the summons.

On January 6, 1973 a complaint was filed and on January 16, 1973 the reissued summons and the complaint were given to the Sheriff of Erie County for service. The Sheriff's return, filed January 22, 1973 establishes that on January 18, 1973 the summons and complaint were served on appellee.

By proper subsequent pleadings the issue was framed raising the bar of the statute of limitations,[1] and on May 9, 1973 appellee filed his motion for judgment on the pleadings. On July 5, 1974 judgment was entered in favor of appellee by President Judge CARNEY supported by a very full and able opinion in which we agree. We will, therefore, affirm the entry of judgment in favor of appellee.

It is well settled that a writ of summons may be reissued only for a period of time which, when measured

---

1.  Act of June 24, 1895, P.L. 236, Sec. 2 (12 P.S. §34) providing for a two year statute of limitations in personal injury actions.

from the date of the original issuance of the writ (or the date of a subsequent valid reissuance thereof) is not longer than the period of time required by the applicable statute of limitations for the bringing of the action. *Peterson v. Philadelphia Suburban Transportation Co.*, 435 Pa. 232, 255 A.2d 577 (1969); *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A.2d 317 (1961); *Yefko v. Ochs*, 437 Pa. 233, 263 A.2d 416 (1970).

In the present case, the appellants' writ could have been reissued at any time prior to November 6, 1972, but unless the two year period is inapplicable or was extended for some reason, the reissuance of the writ on January 5, 1973 was of no effect.

The appellants' arguments seeking to make the statute of limitations inapplicable or to extend the period simply contain no merit, and are really directed to a request that this court re-examine the philosophy of the application of the two year statute of limitations and the body of the law applicable thereto. This we will not do.

Having elected to initiate this action by the filing of a praecipe for a writ of summons, and having thereafter failed either to secure timely service of the writ or to reissue the writ within the required two year period, appellants are barred by the statute of limitations from proceeding with this cause of action. *Cf. Anderson v. Bernhard Realty Sales Company*, 230 Pa. Superior Ct. 21, 329 A.2d 852 (1974); *Yefko v. Ochs, supra.* To this extent I concur with the result reached by the majority.

Since appellee, by reason of this bar, has never been served with valid process, I believe this is dispositive of appellants' remaining argument concerning the applicability of a Federal three year statute of limitations on that portion of the claim against appellee involving money paid appellants for the value of medical and hospital care by the United States Government.

This question concerning a Federal three year statute of limitations arises by reason of allegations in appellants' complaint which were set forth as follows:

"14. As a result of said injuries, the Plaintiff has received and in the future will continue to receive medical and hospital care and treatment furnished by the United States of America under the provisions of 42 U.S.C. 2651-53 and with its expressed consent, asserts, a claim for the reasonable value of said care and treatment."

And in Count 2 of the Complaint:

"18. As a result of said injuries, the Plaintiff has received and in the future will continue to receive medical and hospital care and treatment furnished by the United States of America. The Plaintiff, for the sole use and benefit of the United States of America under the provisions of 42 U.S.C. 2651-53 and with its expressed consent, asserts a claim for the reasonable value of said care and treatment."[2]

These benefits were paid by reason of the father-appellant's status as a retired member of the Navy.

Further, the recovery of these funds is provided for in the Medical Care Recovery Act, 42 U.S.C.A. §2651 (a) (1973) as follows:

"(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment (including prosthesis and medical appliances) to a person who is injured or suffers a disease, after the effective date of this Act, under circumstances creating a tort liability upon some third person (other than or in addition to the United States and except employers of seamen treated under the provisions of section 249 of this title) to pay damages therefor, *the United States shall have a right to recover from said third person the reasonable value of the care and treatment*

---

2. No assignment or subrogation executed by the United States Government to appellants appears of record. Without this, appellants had no power or right to sue on behalf of the United States, and any attempt to do so was not properly perfected.

*so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable · value of the care and treatment so furnished or to be furnished.* The head of the department or agency of the United States furnishing such care or treatment may also require the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, as appropriate, to assign his claim or cause of action against the third person to the extent of that right or claim." (Emphasis added)

The manner of enforcing that right is set forth in Subsection (b) of the same act:

"(b)   The United States may, to enforce such right, (1) *intervene or join in any action or proceeding brought by the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, against the third person who is liable for the injury or disease; or* (2) *if such action or proceeding is not commenced within six months after the first day in which care and treatment is* furnished by the United States in connection with the injury or disease involved, *institute and prosecute legal proceedings against the third person who is liable for the injury or disease, in a State or Federal court, either alone (in its own name or in the name of the injured person,* his guardian, personal representative, estate, dependents, or survivors) or in conjunction with the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors." (Emphasis added)

It is clear from a reading of the language of the complaint that the claim is asserted by the appellants, and it matters not that it is made with the express consent of the United States Government. Such a claim as here as-

serted is not within the clearly defined method granted the United States in enforcing the recovery of these funds. And even assuming the consideration of this issue is not resolved by the lack of any valid process served on appellee, the claim is vulnerable to the two year statute of limitations since this is an action brought by individuals. I believe the majority errs in treating this as a claim asserted on behalf of the United States. In my view it clearly is not.

I would affirm the judgment entered by the court below.