## Hekeler v. St. Margaret Memorial Hospital

*Robert A. Cohen,* for plaintiffs.

*Robert S. Grigsby* and *Robert E. Wayman,* for defendants.

FINKELHOR, *J.,* February 12, 1976—This matter comes before the court en banc on motions for judgment on the pleadings filed by both defendants and concerns the liability of defendants for hepatitis allegedly developed by the wife-plaintiff after blood transfusions received at defendant St. Margaret Memorial Hospital from blood supplied by defendant, Western Pennsylvania Blood Center. The transfusions occurred between February 18 and March 6, 1970, but the wife-plaintiff's alleged hepatitis was not developed until April 25, 1970.

Plaintiffs' complaint consists of six counts:

Counts 1 and 2 in assumpsit for breach of warranty; counts 3 and 4 in trespass for negligence, and counts 5 and 6 on strict liability (Restatement 2d, Torts, §402-A) in trespass for a defective product.

It is defendants' position that counts in trespass 3 to 6 are barred on the face of the complaint by the statute of limitations and that, even assuming the viability of counts 1 and 2 (breach of warranty under the Uniform Commercial Code), the Blood Transfusion Act of January 28, 1972, P. L. 20 (No. 9), 35 P.S. §10021, extinguished any cause of action.

It is plaintiffs' position that the complaint is governed by the six-year limitation applicable to an action on a contract.

A motion for judgment on the pleadings is in the nature of a final demurrer before trial: Bata v. Central-Penn National Bank of Philadelphia, 423 Pa. 373, 224 A. 2d 174 (1966); Trost v. Clover, 234 Pa. Superior Ct. 255, 338 A. 2d 630 (1975); Bogojavlensky v. Logan, 181 Pa. Superior Ct. 312, 124 A. 2d 412 (1956). The court must accept as true all averments of fact by the opposing party but not inferences and conclusions of fact or law, and in determining whether the demurrer should be sustained and the complaint dismissed, the court must find with certainty that, on the facts as averred, no recovery is possible: Hoffman v. Misericordia Hospital, 439 Pa. 501, 503, 267 A. 2d 867 (1970).

Because defendants allege the statute of limitations, both the chronology of the suit and the averments of the pleadings require consideration. As stated, the wife-plaintiff received blood transfusions February 18, 1970, to March 1970, and

developed hepatitis April 25, 1970, and was hospitalized and treated for this condition at West Penn Hospital from May 1 to May 20, 1970.

On or about April 7, 1972, plaintiffs commenced this suit by praecipe for writ of summons, but said summons was not served. On April 17, 1974, two years and 10 days later, the writ was reissued without service and on March 27, 1975, again reissued and the summons and complaint were served on defendants on or about April 1, 1975.

During the same time period, the legislature of this Commonwealth enacted on January 28, 1972, an immunity statute for death or injury from the lawful transfusion of blood to exclude "any liability by reason of implied warranty or any other warranty not expressly undertaken by the party to be charged." 35 P.S. §10021.

The court is thus presented with two issues:

(1) Is plaintiff barred by the two-year statute of limitations, Act of June 24, 1895, P.L. 236, 12 P.S. §34, governing suits for bodily injury on all counts of the complaint; and

(2) If plaintiff is not so barred, does the Blood Transfusion Act of 1972 exclude liability for breach of warranty for transfusions administered prior to the effective date of the Act.

## LIMITATIONS OF ACTIONS

Because of the diverse theories underlying plaintiffs' complaint alleging personal injuries, and the lapse of time in reissuing the praecipe for summons, it is necessary to determine the applicable limitation on plaintiffs' causes of action, i.e., six years as an action on a contract (Act of March 27, 1713, 1 Sm. L. 76, P.L. 76, 12 P.S. §31); two years as a personal injury claim (Act

of June 24, 1895, P.L. 236, 12 P.S. §34); or four years as a breach of warranty under the Uniform Commercial Code (Act of April 6, 1953, P.L. 3, as amended, 12A P.S. §2-725).

Statutory limitations governing a suit for damages for injury to the person are set forth in the Act of June 24, 1895, as follows:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought *within two years* from the time *when the injury was done* and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law." June 24, 1895, P.L. 236, sec. 2, 12 P.S. §34. (Emphasis supplied).

The law relating to personal injuries arising from breach of contract has undergone changes in recent years, and the status of product liability cases is, at best, ambiguous.

In Jones v. Boggs & Buhl, Inc., 355 Pa. 242, 49 A. 2d 379 (1946), plaintiff sued under breach of contract and breach of warranty of the then Sales Act of May 19, 1915, P. L. 543, 69 P.S. §314, for injuries to the person resulting from the purchase and use of a defective coat and contended, as does plaintiff in the present proceedings, that the applicable period of statutory limitation was six years. After consideration of the case law, the court held that the two-year limitation in the Act of 1895 was imposed on the *cause* of the action and not the form or theory of liability. Thus, the label assumpsit did not confer longevity on a personal injury claim and the two-year statute of limitation was to be applied to all actions for personal injury, absent contrary legislative directive: Sykes v. Southeastern Pennsylvania Transportation Au-

thority, 225 Pa. Superior Ct. 69, 310 A. 2d 277 (1973); Ravitz v. Upjohn Company, 138 F. Supp. 66 (E.D. Pa., 1955).

However, upon a review of this two-year limitation *after* the passage of the Uniform Commercial Code in 1953, the Supreme Court held that the four-year limitation for the breach of a "contract of sale" set forth in section 2-725 of the code applied to all damages arising from the breach, including personal injuries: Gardiner v. Philadelphia Gas Works, 413 Pa. 415, 197 A. 2d 612 (1964).[1] The opinion, dated 1964, did not discuss 402 A or product liability.

In the more recent case of Salvador v. Atlantic Steel Boiler Co., 224 Pa. Superior Ct. 377, 307 A. 2d 398 (1973), affirmed 457 Pa. 24, 319 A. 2d 903 (1974), the breach of contract occurred in May 1967, but suit in both assumpsit and trespass was not filed until March 1971. While the Superior Court noted the divergence in the statutory limitation period between a personal injury claim for damages under the Commercial Code and a claim based upon negligence, in overruling privity, the Supreme Court did not rule on this issue.

Thus, there is no clear statement [2] by Pennsylvania appellate courts on the status of 402 A

---

1. In holding that the Uniform Commercial Code governs breach of a sales contract (assumpsit), the court in Gardiner stated as follows:

". . . Our examination of §§ 2-725, 2-715 and 1-102 and the background of the Code indicates that it was the legislative intent that there be a four year period of limitation on all actions for breach of contracts for sale, irrespective of whether the damages sought are for personal injuries or otherwise." (Footnote omitted.) 413 Pa. 415, 420.

2. See Murray, Products Liability — Another Word, 35 Univ. of Pitts. L. Rev. 255, 260-64 (1973), for a discussion of the problems engendered by Gardiner, supra.

(plaintiffs' counts 5 and 6) claims, close kin, if not the offspring, of breach of warranty. Yet, absent legislation removing 402 A from the Act of 1895 or a similar amendment to the Commercial Code, the label assumpsit or trespass will determine the period of limitation in those cases falling both within the Commercial Code and product liability in trespass.

Based on the chronology of the case, as stated, plaintiffs had a two-year period to file suit on the four counts in trespass and a four-year period under the Uniform Commercial Code, assuming that plaintiffs have properly alleged a contract of sale. [3]

Pennsylvania Rule of Civil Procedure 1007 provides that an action may be commenced by filing a praecipe for a writ of summons and that said writ, if not served, may be reissued. However, the viability of the initial or subsequent writs may not exceed the applicable period of limitations: Yefko v. Ochs, 437 Pa. 233, 263 A. 2d 416 (1970); Zarlinsky v. Laudenslager, 402 Pa. 290, 167 A. 2d 317 (1961); Katz v. Greig, 234 Pa. Superior Ct. 126, 339 A. 2d 115 (1975).

As stated in Katz v. Greig, supra:

"The law is clear that a writ of summons properly issued within the applicable statute of limitations validly commences an action. . . . If this be done by reissuance of the writ, it must be done within a period of time which, measured from the issuance of the original writ is not longer than the time required by the applicable statute of lim-

---

3. There is also a distinction in the time when the period of limitations begins to toll between the two statutes, which is not pertinent to the decision in this case. See Murray, supra.

itations for the bringing of the action." 234 Pa. Superior Ct. 126, 129, 339 A. 2d 115, 116 (citations omitted).

Plaintiffs' initial praecipe, April 7, 1972, was filed more than two years after the administration of the transfusions in February/March 1970, but within two years after the onset of hepatitis in April 1970. See Misitis v. Steel City Piping Co., 441 Pa. 339, 272 A. 2d 883 (1971). Assuming the date of injury as April 25, 1970, to validate the initial praecipe, the writ was not reissued until April 17, 1972, ten days beyond the allowable two-year period for personal injuries.

There can be no argument that plaintiffs failed to reissue that writ within the applicable two-year period and, therefore, counts 4 through 6 of the complaint, which are grounded in trespass, are barred by the statute of limitations.

## LIMITATION OF LIABILITY — THE BLOOD TRANSFUSION ACT OF JANUARY 28, 1972

In 1970, the initial blood transfusion case, Hoffman v. Misericordia Hospital, 439 Pa. 501, 267 A. 2d 867 (1970), plaintiff brought an action in assumpsit, based on alleged breach of warranty of merchantability and fitness, for damages for death allegedly caused by a transfusion of impure blood. The trial court sustained preliminary objections. The Supreme Court reversed and stated as follows:

"We therefore do not feel obligated to hinge any resolution of the very important issue here raised on the technical existence of a sale. In this respect, we agree with the following statement made by a court of a sister state: 'It seems to us a distortion to take what is, at least arguably, a sale, twist it into

the shape of a service, and then employ this transformed material in erecting the framework of a major policy decision': Russell v. Community Blood Bank, Inc., 185 S. 2d 749, 752 (Fla. Ct. App., 1966). In view of our case law implying warranties in non-sales transactions, it cannot be said with certainty that no recovery is permissible upon the claim here made, even if it should ultimately be determined that the transfer of blood from a hospital for transfusion into a patient is a service." 439 Pa., at 507.

In effect, based upon prior case law, the Supreme Court did not find it appropriate or necessary to rule as a matter of law whether a blood transfusion is per se a sale under the Uniform Commercial Code or a non-sales service, or other transaction possibly subject to implied warranties.

Following this decision and based, in part, upon allegations by hospitals and others that certain impurities, including serum hepatitis, cannot be removed from whole blood,[4] the Pennsylvania Legislature passed the Blood Transfusion Act of January 28, 1972,[5] which specifically excluded

---

4. See articles and cases listed in footnote 12 of Hoffman v. Misericordia Hospital, supra, for statement of the problem.

5. The complete text of the act is as follows:

"§ 10021. Limitation of liability; exception regarding negligence

"Notwithstanding any other law, no hospital, blood bank, or other entity or person shall be held liable for death or injury resulting from the lawful transfusion of blood, blood components or plasma derivatives, or from the lawful transplantation or insertion of tissue, bone or organs, except upon a showing of negligence of the part of such hospital, blood bank, entity or person. For the purposes of this act negligence shall include but not be limited to any failure to observe accepted standards in the collection, testing, processing, handling, storage, transportation, classification, labelling, transfusion,

liability by implied warranty. Since the statute did not include an effective date under the Statutory Construction Act of November 25, 1970, P. L. 707 (No. 230), as amended, 1 Pa.C.S. §1701(a)(5), the act became effective 60 days after enactment, or about March 28, 1972, prior to the institution of plaintiffs' suit.

Based upon the 1972 statute, defendants contend that limitation of liability is procedural and bars all suits filed after the effective date.

This same issue was before the Philadelphia trial court after remand in Hoffman v. Misericordia Hospital, 61 D. & C. 2d 358 (1973). While suit was filed in Hoffman prior to the 1972 legislation, the case had not proceeded to trial and defendant hospital moved for judgment on the pleadings. After careful consideration of the new legislation and its history, the court ruled that the 1972 act was not retroactive and defendants' motion for judgment was dismissed.

The Statutory Construction Act, 1 Pa.C.S. §1926 (formerly 46 P.S. §556), clearly provides that "[n]o statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly." In fact, retrospective operation is not favored by the courts unless the act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive interpretation: Glancey v. Casey, 447 Pa. 77, 288 A. 2d 812 (1972).

In Barnesboro Borough v. Speice, 40 Pa.

---

injection, transplantation or other preparation or use of any such blood, blood components, plasma derivatives, tissue, bone or organs. Specifically excluded hereunder is any liability by reason of implied warranty or any other warranty not expressly undertaken by the party to be charged"

Superior Ct. 609, 612 (1903), the theory of retroactive legislation was discussed as follows:

"The general rule undoubtedly is that legislation which affects rights will not be construed to be retroactive unless it is *explicitly* so declared in the statute. But where it concerns merely the mode of procedure it is applied, as of course, to litigation existing at the time of its passage: [citation omitted]. Retrospective laws may be supported when they impair no contract and disturb no vested right, but only vary remedies, cure defects in proceedings otherwise fair, and do not vary existing obligations contrary to their situation when entered into and when prosecuted: [citation omitted]. *'Retrospective laws generally, if not universally, work injustice, and ought to be so construed only when the mandate of the legislature is imperative:'* [citation omitted]." (Emphasis supplied.)

Cases cited by defendants involve either remedial or curative legislation or are truly procedural in nature. A statute which eliminates or limits an existing cause of action directly affects substantive rights and must be presumed to be prospective: Masitis v. Steel City Piping Co., supra.

Therefore, the decision in the instant case must be governed by the initial Supreme Court opinion in Hoffman v. Misericordia Hospital, supra. Plaintiffs have alleged a "sale"; absent facts which can be adduced only by hearing, the court cannot determine as a matter of law the nature of the transaction.

However, in Hoffman, the court referred to other aspects of breach of warranty, apart from and predating the Uniform Commercial Code. Because the writ in these proceedings was not timely reissued to toll the statute of limitation under the Act

of 1895, plaintiffs' sole remaining cause of action is for breach of warranty *under* the Uniform Commercial Code.

Based upon the above discussion, defendants' motions for judgment on the pleadings are granted as to counts 3, 4, 5 and 6, and denied as to counts 1 and 2. An appropriate order is attached hereto.

While an interlocutory order is not generally subject to appeal, due to the "substantial ground for difference of opinion," the court will certify an appeal pursuant to the Act of July 31, 1970, P.L. 673, 17 P.S. §211.501, if so requested by either counsel.

## ORDER

And now, February 12, 1976, upon the motion of both defendants for judgment on the pleadings and after full consideration of the arguments and briefs of counsel, said motion is granted as to counts 3, 4, 5 and 6 of the complaint and dismissed as to counts 1 and 2.