## Cohen v. Lorber

*Barry S. Lyons*, for plaintiff.
*Peter M. Clark*, for defendant.

DIBONA, *J.*, January 25, 1979—This matter comes before the court on a motion for summary judgment by defendant, Bennett Lorber.

Plaintiff, Katherine Cohen, was injured in an automobile accident on January 20, 1970, when struck from behind by defendant's car.

Suit was initiated on January 19, 1972, by the issuance of a writ of summons in trespass, the service of the writ being returned "not found."

The docket reflects that the writ was not reissued within two years of its original issue and no complaint was filed within that period of time. Plaintiff finally filed her complaint on July 24, 1974.

On August 15, 1974, the complaint was reinstated, and again defendant could not be found for service. The original writ was reissued on August 4, 1976, along with the reinstatement of the complaint which had been earlier filed by plaintiff.

At this time, service of process on defendant was effectuated by serving the Secretary of the Commonwealth, pursuant to Pa.R.C.P. 2077 and 2079.

Defendant, Lorber, filed preliminary objections to plaintiff's complaint on June 30, 1977. The sole basis of these objections was that the above-

described service on defendant was invalid, and that the court should, therefore, strike the service.

Judge Harris dismissed defendant's preliminary objections and ordered that defendant file an answer to plaintiff's complaint.

Defendant filed his answer, along with new matter raising the bar of the statute of limitations to plaintiff's claim for personal injuries.

Now plaintiff makes two arguments in his answer to defendant's motion for summary judgment: (1) that the order of Judge Harris dismissing defendant's earlier preliminary objections is dispositive of the instant motion; and (2) that defendant is estopped from raising the statute of limitations as a defense, since he concealed his whereabouts from plaintiff. Each of these arguments will be treated in turn.

1. Pa.R.C.P. 2077 and 2079 permit service of process upon a defendant who conceals his whereabouts by serving the Secretary of the Commonwealth and by sending a copy of the process to defendant's last known address.

The order of Judge Harris upheld such process in this case by finding that defendant had concealed his whereabouts. However, that order went only to the mode of service and not the defense of the statute of limitations.

Moreover, this defense may not be raised by preliminary objections, as the correct procedure for raising such a defense is by new matter. See Pa.R.C.P. 1030 and Royal Oil & Gas Corp. v. Tunnelton Mining Co., 444 Pa. 105, 282 A. 2d 384 (1971).

2. Plaintiff's second argument, calling for an es-

toppel, precluding defendant from raising the statute of limitations, must also be rejected.

Plaintiff's action for personal injuries is governed by a two-year statute of limitations: Act of June 24, 1895, P.L. 236, sec. 2, 12 P.S. §34.

The law is clear that where an action is timely commenced by filing a writ of summons, such a writ may only be reissued for a period of time measured from the date of its original issue, or last reissue, which is not longer than the period required by the applicable statute of limitations for bringing the action in the first place. See Pa.R.C.P. 1007 and 1010. Note that the filing of a complaint during the life of the writ will serve the same purpose as reissuing the writ itself. See Katz v. Greig, 234 Pa. Superior Ct. 126, 339 A. 2d 115 (1975).

In the instant case, plaintiff did not reissue the writ within the two-year period, nor did she file her complaint within that period. When the complaint was filed it was more than two years after the original issuance of the writ and more than four years after the accident in question, thus being ineffective in tolling the statute.

Plaintiff also argues that an estoppel should arise against defendant because defendant's insurance carrier would not reveal defendant's new address or accept service of process for defendant.

Defendant's carrier states that it did not know of defendant's new address. Regardless, the burden of serving defendant was on plaintiff and not defendant's carrier. After plaintiff failed to personally serve defendant, and was unable to ascertain his whereabouts, plaintiff should have served defendant through the Secretary of the Commonwealth pursuant to Pa.R.C.P. 2077 and 2079.

The case of Beasley v. McGarvey, 68 D. & C. 2d 656 (1974), is almost identical to the instant case and is controlling:

"All the cases in plaintiffs' support share the common thread that the injured relied on assurances or misrepresentations made to them by defendants and consequently were not able to ascertain the cause and extent of their injuries until after the statute had run. In the case at bar, plaintiffs' injuries were already determined and it was through no fault other than their own that plaintiffs slept on their own rights beyond the statute of limitations. . . .

"It was plaintiffs' duty to ascertain the existence of defendant if they wanted to institute an action against him. The insurance company was under no duty to inform plaintiffs about the existence of defendant and mere inaction on their part cannot be construed as either concealment or fraud. The doctrine of equitable estoppel is invoked only in a clear case of fraud, deception or concealment* and plaintiffs' allegations are lacking any averment from which even an inference of fraud or concealment can be drawn: Lloyd v. Brenner, 62 D. & C. 2d 422 (1973)."

Wherefore, summary judgment is granted in favor of defendant in accordance with this court's order of November 28, 1978.

---

*The concealment referred to in the above-stated opinion by Judge Hirsh refers to concealment of facts concerning the alleged negligence of defendant, and not the concealment of his address.