**John D. SHEETS and Kimberly Sheets, Appellants,**

v.

**LIBERTY HOMES, INC., and Lewis Homes, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued March 25, 2003.
Filed May 6, 2003.

Kirby L. Boring, Pittsburgh, for appellants.

Brian J. Bluth, Williamsport, for Liberty Homes, appellee.

Bruce L. Vickery, Wellsboro, for Lewis Homes, appellee.

Before: JOHNSON, KLEIN and POPOVICH, JJ.

KLEIN, J.

¶ 1 Plaintiffs John D. and Kimberly Sheets appeal from the trial court order striking their complaint against Liberty Homes, Inc. and Lewis Homes, Inc. The Sheets claim that the defendants improperly wired their modular home, causing a fire, which resulted in damages in excess of $100,000. We reverse and remand for trial.

¶ 2 The defendants claim, and the trial court found, that the action is barred by the statute of limitations. Essentially, the following is the sequence of the events in this matter:

1. On December 8, 1998, the Sheets' modular home had a major fire.

2. On December 6, 2000, the Sheets filed a Praecipe for a Writ of Summons.

3. Within 30 days, the Sheriff returned service, having served both defendants.

4. Neither defendant entered an appearance.

5. On November 9, 2001, the Sheets prepared a complaint, which was mailed to the Prothonotary who accepted it for filing and docketed it. This complaint contained only counts for negligence and breach of warranty.

6. This complaint could have been served on the defendants by mail. See Pa.R.C.P. 440(a)(1)(i). However, this complaint was not mailed or otherwise served because the Sheets' counsel realized he had omitted a count for strict liability.

7. Sheets' counsel redrafted the complaint, repeating what was in the original, and adding a strict liability count.

8. On December 12, 2001, Sheets' counsel filed a Praecipe to Reinstate and Amend Complaint and the amended complaint, which were soon afterward mailed to defendants, who shortly afterwards had counsel enter their appearances.

¶ 3 Defendants claim, and the trial court found, that the statute of limitations had

run. It appears that their argument is the following.

1. Defendants concede that there was no problem tolling the statute of limitations by filing and promptly serving the writ of summons.

2. Defendants claim that the filing of the complaint replaces the writ as the key date for the statute of limitations.

3. Defendants further claim that since the first complaint was never served, it was a nullity. Essentially, they say that although the complaint was a nullity, it still erases the effective service of the writ.

4. Defendants next claim that the amended complaint is improper because the Sheets never obtained either consent of the parties or approval of the court to amend the complaint, so that is ineffective as well.

5. Although the four year statute of limitations on the warranty claim had not run by the time the trial judge struck the complaint, it has by now, so the warranty claim is gone today, as well.[1]

¶ 4 While creative, the Defendants' arguments are illogical and circular.

¶ 5 The tolling date for the statute of limitations occurs when there is proper, prompt service of a timely filed writ of summons. That happened in this case. The subsequent complaint does not erase this tolling of the statute of limitations. The only time a subsequent complaint will replace a writ of summons is when the writ of summons was never prop-erly served or is a nullity for some other reason, such as being filed by a non-existent party (e.g., an administrator of an estate that has not yet been raised). Even if the writ is not served, if the plaintiff does nothing to delay matters and makes a good faith effort to find the defendant to make service, the plaintiff has another two years in a trespass case to make service. As this Court stated in *Katz v. Greig*, 234 Pa.Super. 126, 339 A.2d 115, 117 (1975):

> The law is clear that a writ of summons properly issued within the applicable statute of limitations validly commences an action. The law is also clear, however, that a party who has caused a writ to issue but not be served must act to protect the efficacy of the writ. If this be done by reissuance of the writ, it must be done within a period of time which, measured from the issuance of the original writ, is not longer than the time required by the applicable statute of limitations for the bringing of the action. *Yefko v. Ochs*, 437 Pa. 233, 263 A.2d 416 (1970), *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A.2d 317 (1961).

¶ 6 Although not cited in the opinion, the trial judge may have made a relatively common mistake in following the lead opinion in *Witherspoon v. City of Philadelphia*, 564 Pa. 388, 768 A.2d 1079 (2001), in which only two justices said that a writ must be renewed before it expired to be able to ever reinstate it. However, both the three concurring justices and the two dissenting justices make it clear that reissuance before expiration is not necessary.[2] The law set forth originally in *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d

---

1. For reasons not fully explained, the trial court not only struck those counts affected by the two-year statute of limitations, but also the breach of warranty count, which has a four-year statute of limitations. Even if the trial court had correctly stricken the two-year counts, the breach of warranty claim was clearly still timely.

2. *Parr v. Roman*, 2003 PA Super. 149, 822 A.2d 78 (2003).

882 (1976) is still good law, which provides that a plaintiff cannot just file a writ and have another period of the statute of limitations to make service, but must make a good faith effort to find and serve the Defendant. As the *Lamp* court said, "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 889.

¶ 7 However, neither of these cases is applicable to this situation, where timely service of the writ has been made and the statute of limitation satisfied. Somehow, the defendants are trying to say that the later filing of a complaint, and then adding a clause *before the complaint was ever served on them* undoes the successful tolling of the statute. We note that the defendants could have filed a rule on the plaintiffs to file a complaint. If they failed to respond, the case could be dismissed, but for failing to respond to the rule, not because of a statute of limitations violation.

¶ 8 Moreover, the Defendants are attempting in this case to have it both ways. That is not proper. If the complaint is a nullity because it was never served, then a nullity cannot replace the writ, which was properly served and therefore still stands.

¶ 9 Also, if the complaint was not served, and is a nullity, there is no need to get permission or approval to amend it. Therefore, the action in filing a Praecipe to Reinstate and Amend Complaint was probably legally meaningless and just excess caution by the Sheets' counsel. The filing of this so-called amended complaint pursuant to a validly served writ begins to move the case along. As noted, up until this time, neither defendant had either had an appearance of counsel entered or filed a rule on the Sheets to file a complaint. In effect, the Sheets' simply withdrew a complaint, after original process had been achieved, and replaced it with another.

¶ 10 It is difficult to see how there could be any prejudice to the defendants from the initial complaint when neither of the defendants had any idea it had been filed, since it was never served. The defendants were obviously content to just let the writ sit. The first time the Defendants knew the particular allegations raised against them, against which they would have to defend, was when they received the so-called amended complaint in the mail. That complaint set forth three grounds: (a) negligence, (b) breach of warranty, and (c) strict liability.

¶ 11 The statute of limitations was tolled by the filing and prompt service of the writ. Nothing that happened thereafter undid that tolling of the statute. The case is still live.

¶ 12 Order reversed and complaint reinstated. Jurisdiction relinquished.