*Schedule III (Promotion/Assignment Class Claims)*

After the fixed shares in Schedules I and II above have been paid (with the exception of Arthur Jones' contingent interest), the residual fund remains. Each member of the plaintiff class who, as of November 19, 1975, was employed by the MPD as an officer shall be entitled to claim shares of the residual fund on the following basis:

One (1) unit of the fund for each year of service with the MPD up to a maximum of fifteen (15) units.

The residual fund will be divided into units. The value of each unit shall be determined by the value of the fund. These sums shall be distributed to class members in settlement of their claims for compensatory, non-punitive damages.

**Roland MICHAEL, Plaintiff,**

v.

**Carl SYLVESTER, Defendant.**

**Civ. No. B 84–45(WWE).**

United States District Court,
D. Connecticut.

June 13, 1984.

Burton M. Weinstein, Weinstein & Weiner, Bridgeport, Conn., for plaintiff.

Thomas M. Germain, Bridgeport, Conn., for defendant.

## RULING ON "MOTION AND MEMORANDUM RE AMENDMENT OF COMPLAINT"

EGINTON, District Judge.

The plaintiff in this case has moved to amend his complaint to allege a cause of action on behalf of the United States Veterans Administration. Plaintiff wishes to seek additional damages "for the sole use and benefit of the United States of America," based upon the value of medical care the Veterans Administration provided to the plaintiff. The motion represents that the Veterans Administration has authorized plaintiff's attorney to assert its claim. Defendant has objected to the proposed amended complaint.

Even in light of the authorization by the Veterans Administration, the motion to amend the complaint must be denied. Plaintiff is correct that pursuant to 42 U.S.C. § 2651 the United States has a right to recover from a third party tortfeasor any expenses paid by the United States for medical care of an injured plaintiff. Section 2651(b) permits the United States to enforce this right by participating in a suit brought by the injured plaintiff. However, such participation must be accomplished in accordance with the Federal Rules of Civil Procedure. Plaintiff may not simply add the United States cause of action to his own complaint. If the United States wishes to seek recovery in this action, it must be made a party to the action through the usual means of intervention or joinder. *Carrington v. Vanlinder*, 58 Misc.2d 80, 294 N.Y.S.2d 412, 415 (1968); 42 U.S.C. § 2651 ("The United States may, to enforce this right ... *intervene or join* in any action or proceeding brought by the injured or deceased person ..." (emphasis added.)

The motion to amend the complaint is DENIED.