**Colonna v. Erie County Retirement Board**

*Robert D. Hain, Jr.,* for plaintiff.
*Thomas Kubinski,* for defendants.

ANTHONY, *J.,* October 21, 1980—Plaintiff, Nick Colonna, has been an employe of the Erie County Health Department since 1957. Throughout this period he has contributed to the County Employee's Retirement System. As a Health Department employe, Colonna is eligible for participation under the State Employees' Retirement Code, 71 Pa.C.S.A. §5102. Colonna now wishes to transfer from the county system to the state system and has filed separate complaints in mandamus against the county and the County Retirement Board requesting that the court enter orders directing defendants to:

(1) pay over to the state fund the amounts which Colonna has contributed to the county fund;

(2) pay to the state fund any additional amounts which the county would have contributed had Colonna opted for the state plan initially; and

(3) refund to Colonna the excess which he has paid as a result of contributing to the county plan.

Both defendants, through the same assistant county solicitor, have filed preliminary objections.

Currently pending before the court is the resolution of these objections.

Initially, we address the assertion of both defendants that each action, as filed, lacks an indispensable party. In its objections, the county argues that the retirement board must be joined. The retirement board claims that the suit brought against the board must include the county, since the board by itself lacks the authority to transfer moneys to the state fund. The two complaints filed are identical except for the defendant named in the caption. Therefore, for purposes of these preliminary objections, we will consider both suits at this time. Since both defendants are before the court a determination as to their indispensability is obviated. Defendants' assertion that the county council must be joined separately is wholly without merit, since service upon County Executive Russell Robison, as made in the action against the county, is sufficient to bind the county as a whole. See Erie County Home Rule Charter, 325 Pa. Code §11.10.

We also find, by virtue of our decision to consider both suits at this time, that the county's objection as to the pendency of the prior action against the board must be dismissed.

Defendants' primary objection is that Colonna has failed to state a cause of action. This issue must be resolved in light of the statutory framework of the State Employees' Retirement Code, 71 Pa.C.S.A. §5101 et seq.

As noted earlier, the definition of "state employee" in section 5102 of the code includes employes of county health departments created under the Local Health Administration Law of August 24, 1951, P.L. 1304, 16 P.S. §12001 et seq. The Erie County Health Department was organized under that law. Defendants do not challenge the eligibility

of Health Department employes in general, but rather challenge Colonna's right to switch to the state system after having been eligible since the code went into effect in 1959.

Section 5301 of the code provides as follows:

"(a) Membership in the system shall be mandatory as of the effective date of employment for all State employees except the following: . . . (13) Persons who have elected to retain membership in the retirement system of the political subdivision by which they were employed prior to becoming eligible for membership in the State Employees' Retirement System."

It is further provided that an employe who has elected to retain membership in the local system is ineligible for participation in the state system: section 5301(c).

The issue, then, is whether Colonna "elected" to stay in the county retirement system. If he did, then he is barred by statute from becoming a member of the state program. In determining whether an "election" was made, we look to section 5906 of the code. In that section it is provided that department heads have the duty of informing all employes whose membership is not mandatory of their right to participate in the state system: section 5906(e). We find that, absent the notification required of department heads, no true "election" to remain in the county system could have been made. It is clear that Colonna's "option" to enroll in the state system is meaningless without notice of this right. It is for this reason that the legislature expressly requires notice by the department head.

If it could be shown at trial that Colonna was

never advised of his rights\*, it could not be said that he "elected" to remain in the county system. No election being made, he would not be barred from participation in the state system. Thus, an issue of fact exists, the resolution of which will determine if a cause of action has been proven. For this reason, defendants' objection that no cause of action has been stated is without merit.

Defendants raise two other objections which must be overruled as premature. First, defendants claim that these actions are barred by a six year statute of limitations. Defendants fail to refer the court to any specific authority for this proposed limitation, so we assume that defendants are referring to 42 Pa.C.S.A. §5527(6) which provides that all civil actions not otherwise limited by statute must be commenced within six years. We refuse to determine the applicability of this provision at this time because, if accurate, defendants' argument could only be raised as new matter. Only non-waivable statutes of limitations may be raised by demurrer, Pa.R.C.P. 1017(b)(4), and the language of section 5527(6) clearly indicates that that statute is waivable.

A non-waivable statute of limitations places a time limit on the existence of the right itself, such as in the Workmen's Compensation Act. The limitation provided in section 5527(6), however, is merely a procedural bar which may be waived and thus may not be raised by demurrer. See Bellotti v. Spaeder, 433 Pa. 219, 249 A. 2d 343 (1969) (statute of limitations in personal injury action, which em-

---

\*In the complaints, Colonna avers that such notice was not given.

ploys language identical to section 5527(6), found to be waivable). Thus, defendants' argument as to the statute of limitations cannot be raised at this time, but must be pleaded as an affirmative defense in new matter pursuant to Pa.R.C.P. 1030.

Defendants' argument as to the vagueness of the relief sought must be overruled due to the need for testimony. The exact figures as to the various amounts involved in a transfer from the county to the state system can be established at trial by witnesses familiar with the financial workings of both systems. Thus, a factual issue exists which mandates the overruling of the objection.

Defendants' final objection is that Colonna has not stated a cause of action because any attempt to enroll in the state system must be preceded by an application to the State Retirement Board. We find, however, that section 5906(e) of the code provides that a department head, having been informed of the employe's desire to participate in the state system, has the duty of causing ". . . an application for membership and a nomination of beneficiary to be made by him and filed with the board. . . ." Colonna advised the county board of his desire to join the state system in February of this year. The above-quoted duty of department heads to see that applications are prepared has been in effect since 1974, and is thus controlling with regard to Colonna's request. Thus, if it is determined at trial that Colonna may properly make such a request at this time, then the application will be made according to section 5906(e).

To conclude, defendants' objections as to the failure to state a cause of action, the failure of plaintiff to file the complaints in a timely fashion, and the vagueness of the relief sought, are all overruled due to the need for testimony on these matters. The

objections as to joinder are overruled since all indispensable parties are before the court. The objection as to Colonna's failure to apply to the state board is overruled in light of the statutory provision discussed above. Should it be determined at trial that Colonna, at this point in time, has a right to enroll in the state system, then mandamus will be a proper remedy in light of the mandatory provisions of the code discussed above.

## ORDER

And now October 21, 1980, it is hereby ordered and decreed that the preliminary objections of defendants herein are overruled.