J-S13003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| LEYCHAWNE D. JOHNS AND 2316 PROVIDENCE AVENUE LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEWIS M. HUNT-IRVING, WADE KING AND 2316 PROVIDENCE AVENUE LLC | : | No. 2450 EDA 2022 |
| | : | |
| APPEAL OF: LEWIS M. HUNT-IRVING | : | |

Appeal from the Order Entered November 28, 2022
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2016-006329,
CV-2018-002027

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 12, 2023**

Appellant Lewis M. Hunt-Irving appeals[1] from the judgment entered in

favor of Appellee Wade King. Appellant argues that Appellee's claims were

_____

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellant initially filed a notice of appeal from the trial court's September 16, 2022 order denying post-trial motions. Because a review of the trial court docket revealed that no judgment had been appropriately entered, this Court issued an order directing Appellant to praecipe the trial court Prothonotary to enter judgment on the decision of the trial court pursuant to **_Brown v. Philadelphia Coll. of Osteopathic Med._**, 760 A.2d 863, 865 n.1 (Pa. Super. 2000) (reiterating that an appeal does not properly lie from order denying post-trial motions, but upon judgment entered following disposition of post-trial motions). Appellant filed a certified copy of a praecipe to enter judgment on November 28, 2022. That same day, the trial court properly entered its judgment on the verdict. We have amended the caption accordingly.

barred by the four-year statute of limitations for a breach of contract matter. We affirm.

The underlying facts of this matter are well known to the parties. *See* Trial Ct. Findings of Fact & Conclusions of Law, 7/14/22, at 1-36. Briefly, Leychawne Johns and 2316 Providence Avenue LLC filed an action to quiet title against Appellant Hunt-Irving, and Appellee Wade King in April of 2016. In November of 2019, Appellee Wade King filed counter-claims against Appellant and 2316 Providence Avenue, LLC alleging a breach of contract. Appellant did not file a responsive pleading.

The trial court conducted a non-jury trial on October 7, 2020, November 18, 2020, and February 10, 2022. On July 14, 2022, the trial court issued an order declaring judgment in favor of Wade King and entering judgments of $170,000 against 2316 Providence Avenue, LLC, and $30,000 against Appellant. Appellant filed a post-trial motion for reconsideration in which he argued, for the first time, that Appellee's counter-claim was barred by the statute of limitations. On September 1, 2022, the trial court issued an order concluding that Appellant had waived his statute of limitations claim and denying the motion for reconsideration.

Appellant filed a timely notice of appeal.[2]  In lieu of a Rule 1925(a) opinion, the trial court issued an order incorporating its July 14, 2022 findings of fact and conclusions of law.

On appeal, Appellant raises the following issues.

1. The [trial c]ourt erred in concluding in its declaratory judgment order that Appellant [] owes Appellee Wade King $30,000.00 and 2316 Providence Avenue LLC owes Appellee Wade King $170,000.00, inasmuch as those claims by Appellee Wade King are barred by the statute of limitations for Appellee King's failure to raise these claims within the four (4) year statute of limitation, 42 Pa.C.S. § 5525(a).

2. The [trial c]ourt made no finding that the statute of limitations was tolled with respect to loans form Appellee King to Appellant Hunt-Irving.

Appellant's Brief at 6.

Appellant argues that Appellee's claims were barred by the four-year statute of limitations for a breach of contract matter.  *Id.* at 8.  Therefore,

_____

[2] We note that it is unclear whether Appellant filed a Pa.R.A.P. 1925(b) statement.  Although the trial court appears to have docketed a Rule 1925(b) statement, that filing is not included in the certified record.  **See Commonwealth v. Reed**, 971 A.2d 1216, 1219 (Pa. 2009) (stating that "[i]t is an appellant's duty to ensure that the certified record is complete for purposes of review" (citation omitted)).  In any event, it is well settled that where "an appellant includes an otherwise waived issue in his or her Pa.R.A.P. 1925(b) statement, such inclusion will not 'resurrect' that claim." **Matter of Kelsey**, 1876 EDA 2020, 2021 WL 2907811 at *10 (Pa. Super. filed July 8, 2021) (unpublished mem.) (citing, *inter alia*, **Steiner v. Markel**, 968 A.2d 1253, 1257 (Pa. 2009)), *appeal denied*, 279 A.3d 33 (Pa. 2022); **see also** Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").  Therefore, even if Appellant included the instant claim in his Rule 1925(b) statement, it would not affect our conclusion that Appellant failed to properly preserve the issue before the trial court.

Appellant concludes that the trial court's judgment "violate[s] the statute of limitations" and the trial court erred in entering judgment in favor of Appellee Wade King. *Id.* at 12.

The applicability of a statute of limitations is a question of law; our scope of review is plenary, and our standard of review is *de novo*. ***Ash v. Continental Ins. Co.***, 932 A.2d 877, 879 (Pa. 2007). "Rule 1030(a) of the Pennsylvania Rules of Civil Procedure requires that, with certain exceptions . . . all affirmative defenses, including but not limited to the defenses of statute of limitations, shall be pleaded in a responsive pleading under the heading New Matter." ***Rellick-Smith v. Rellick***, 261 A.3d 506, 518 (Pa. 2021) (plurality) (citing Pa.R.C.P. 1030(a)) (some formatting altered). If a party fails to raise a statute of limitations defense in a new matter, it is waived. ***Croyle v. Dellape***, 832 A.2d 466, 476 (Pa. Super. 2003).

Our Supreme Court has explained that "statutes of limitations exist, in large part, 'so that the passage of time does not damage the defendant's ability to adequately defend against claims made.'" ***Bisher v. Lehigh Valley Health Network, Inc.***, 265 A.3d 383, 409 (Pa. 2021) (citation omitted). Therefore, "the statute of limitations creates a defense and not a jurisdictional impediment." ***Id.*** (citation omitted); ***see also Bellotti v. Spaeder***, 249 A.2d 343, 344 (Pa. 1969) (explaining that a statute of limitations does not go to the power of the court over the controversy or the defendant, "but rather to the mode in which the case is brought before the court"); ***Burkett v. Parsons Towing and Recovery Service***, 1245 MDA 2021, 2022 WL 951235, at *3

(Pa. Super. filed Mar. 30, 2022) (unpublished mem.) (reiterating that "the statute of limitations 'does not divest the court of jurisdiction over either the cause of action or the parties, but is merely a procedural bar to recovery . . .'" (citation omitted)).[3]

Here, our review of the record confirms that Appellant raised a statute of limitations defense for the first time in his post-trial motion for reconsideration. **See** Trial Ct. Order Denying Mot. for Recons., 9/1/22, at 2-4. Because Appellant failed to raise that defense in a new matter, his claim is waived. **See Croyle**, 832 A.2d at 476. Further, because the statute of limitations is a defense, rather than a jurisdictional impediment, we reject Appellant's claim that the trial court lacked the authority to enter a judgment against Appellant. **See Bisher**, 265 A.3d at 409. For these reasons, Appellant is not entitled to relief. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2023

---

[3] **See** Pa.R.A.P. 126(b) (stating that this Court may cite to non-precedential decisions filed after May 1, 2019 for their persuasive value).